■ In the Matter of LINDA "RR"*, Respondent, v. BRENT "SS"*, Appellant.— Appeal from orders of filiation and support of the Family Court,

---

* Fictitious Names.

entered in Greene County. By his answer, appellant denied paternity of the child and placed in issue all the allegations of the petition. This placed the burden on respondent to prove her claim by entirely satisfactory evidence that was clear and convincing. (*Matter of Arlene W.* v. *Robert D.,* 36 A D 2d 455.) On the return date of the summons, appellant requested an adjournment until his retained counsel could be present and blood grouping tests taken. The court denied his requests. Without taking any evidence and relying solely on an admission of paternity not found in the record, the court summarily declared appellant to be the father of the child. An order fixing support payments was made at a later hearing. Respondent was entitled to an evidentiary hearing on the allegations of the petition. (Family Ct. Act, § 531.) He was also entitled to a fair opportunity to protect his interests *pro se* or with the aid of counsel (see *Matter of Valerie H.* v. *Koene B. D.,* 38 A D 2d 728; *Matter of Whitener* v. *Whitener,* 37 A D 2d 979; *Smith* v. *Hayes,* 36 A D 2d 570) and when he requested a blood grouping test, it was mandatory that the court grant that request and an adjournment to satisfy it. (Family Ct. Act, § 532; see *People* v. *Doherty,* 261 App. Div. 86; see also Family Ct. Act, § 533.) The appellant was denied fundamental rights to defend the charges and is entitled to a new hearing. Orders reversed, on the law and the facts, without costs, and matter remitted for a new hearing. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.