■ In the Matter of IRIS RODRIGUEZ, Respondent, v JOHN M. PURDY, Appellant.—Orders, Family Court, New York County, entered September 17, 1976, directing the entry of three orders of filiation with respect to three children, and directing the entry of a support order of $200 to be paid by appellant biweekly for the maintenance of the children, are each unanimously reversed, on the law, without costs and without disbursements, and the matters are remitted to the Family Court for new fact-finding hearings on all issues. Appellant, putative father, recently discharged from a hospital after serious brain surgery, was alleged to be the father of the three children involved in this filiation proceeding. Section 531 of the Family Court Act provides that in such a proceeding "the respondent shall not be compelled to testify." Just as in the cases cited below: "Appellant appeared at the trial without counsel. Under the circumstances, the trial court erred in putting questions to him without first advising him of his statutory right to refuse to testify. (Family Ct. Act, § 531; *Matter of Howard v. Robinson,* 32 A D 2d 837; *Matter of Dean v. Young,* 31 A D 2d 630)." *(Matter of Valerie H. v Koene D. B.,* 38 AD2d 728.) Furthermore, the record does not indicate that there was appropriate proof of either the children's requirements or appellant's own expenses and obligations in fixing the amount of support. *(Matter of Silvestris v Silvestris,* 24 AD2d 247, 250.) Concur—Birns, J. P., Silverman, Lane and Nunez, JJ.