*521 OPINION OF THE COURT
Howard Miller, J.
The within motion is made on behalf of the respondent brought to dismiss the petition due to the petitioner mother failing to appear for blood tests with the child upon the appointed time. The matter was adjourned for trial. The respondent has also served on December 29, 1977 a demand for a bill of particulars upon the petitioner’s attorney. As of the date hereof, no bill has been filed by the petitioner’s attorney nor has any motion been filed for a protective order.
The respondent has denied the allegations contained in the petition dated August 18, 1977. The within petition is filed eight and one-half years after the child concerned was born on April 30, 1969.
It is axiomatic in paternity proceedings by reason of the consequences involved and the nature of the matter that it is difficult to confront the challenge of the petitioner seeking to find that the respondent is the father of the child born out of wedlock. The evidence to establish paternity must convince to the point of "entire satisfaction” (Matter of Dorn "HH” v Lawrence "II” 31 NY2d 154; Commissioner of Welfare of City of N. Y. v Fields, 25 AD2d 504; Matter of Tree v Ralston, 62 Misc 2d 582; Commissioner of Welfare of City of N. Y. v Wiener, 15 AD2d 744).
Sidney B. Schatkin in his book Disputed Paternity Proceedings (4th ed rev, § 3.14, p 3-28) states: "blood tests have conclusively established that 30 percent of the men accused in the City of New York, who deny paternity and demand the test, are actually not the fathers!”
At the present time, the cases involving the paternity of a child hold that a blood test, properly conducted, fully exonerates a man whose blood tests have shown him not to be the father of the child concerned in the proceeding (Anonymous v Anonymous, 1 AD2d 312; Zaskorski v Luizzo, 3 AD2d 659).
In the case at bar on December 27, 1977 the respondent herein denied the allegations contained in the petition and requested blood groupings. The court accordingly ordered the appropriate blood test to be made by the mother, child, and respondent pursuant to section 532 of the Family Court Act.
The petitioner has failed to appear and to submit to such blood tests. The respondent’s right to a blood test has thus been denied by the petitioner (Family Ct Act, § 532; CPLR *522 3121). The Family Court Act is silent as to the procedure where such order for blood test is not complied with, other than contempt under section 156 of the Family Court Act. Therefore, the court will follow the appropriate practices provided in the CPLR (Family Ct Act, § 165). Said section 165 of the Family Court Act further provides that the CPLR shall apply "to the extent that they are appropriate to the proceedings involved.” Appropriateness of the application of the CPLR as the same applies to the case stems from the: "numerous and unusual situations which will arise in the Family Court will depend upon the circumstances of the cases as they arise” (Matter of Schwartz v Schwartz, 23 AD2d 204, 206), and the same court concluded that: "Procedure is to be used as a working tool and not as an impediment to the functioning of the Family Court.”
To leave the respondent without the benefit of blood tests which could exclude him as the father of the child concerned is depriving him of a basic right. Both the child and the public have a right to know who is the father of the child or if a particular person is not the father. The blood test is an important element of the proof.
The respondent has made requests in open court for the blood tests in this paternity proceeding. The court ordered the parties to participate in the blood tests regularly conducted in paternity proceedings. Therefore, the court finds that no further motion or notice be made to require the petitioner to participate in the blood tests. On the basis of the petitioner’s failure or refusal to keep the appointment at the hospital providing such tests, the court hereby directs that a new appointment be made for the necessary tests to be conducted on or before March 20, 1978, with due notice given to all of the parties. If such an appointment is not kept, the court will entertain a motion made under CPLR 3126 providing for the penalties for refusal to comply with this order for the taking of blood tests. Such application may be made by a referral to the papers submitted in this motion together with any other papers the moving party may find appropriate to submit to the court.
In view of the broad relief requested, the court in reviewing the record finds that the demand for bill of particulars dated December 28, 1977 made by the respondent upon the petitioner has not been complied with and that no objection is filed thereto. Accordingly, the petitioner is precluded from *523 offering evidence as to those matters demanded in said bill of particulars unless a bill of particulars is submitted on or before March 20, 1978.