OPINION OF THE COURT
Reginald S. Oliver, J.
The petition herein filed May 18, 1978 alleges the respondent is the father of an infant born on April 13, 1978, out of wedlock. The child was born prematurely, and had died prior to the first court appearance. The respondent denied paternity and moved for a blood-grouping test pursuant to section 532 of the Family Court Act. It was determined such test could not be conducted because of the infant’s death, and respondent has moved to dismiss the petition on the ground the test is *630 mandatory and a filiation trial cannot be held if a. blood-grouping test cannot be carried out.
When, through no fault of a respondent in a paternity proceeding, a blood-grouping test cannot be conducted, must the petition be dismissed, or should the respondent be forced to proceed to trial without such test?
Despite extensive research by both counsel and the court, no case in point has been found in New York or elsewhere.
Section 532 of the Family Court Act provides in part: "The court, on motion of any party, shall advise the parties of their right to a blood test and shall order the mother, her child and the alleged father to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the alleged father can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion is established.”
It should be noted the Legislature used the words "shall order” the test to take place. Conversely, section 418 of the Family Court Act provides the court "may order” one or more blood-grouping tests. It is clear, therefore, the granting of an order for blood-grouping tests in support proceedings is discretionary. (Matter of Schneider v Schneider, 72 Misc 2d 423; Matter of Time v Time, 59 Misc 2d 912.)
In People v Doherty (261 App Div 86) the trial court denied the respondent’s motion for a blood-grouping test of himself, the mother and child. The court held the language of the statute (then Domestic Relations Law, § 126-a) is mandatory, and should not be conditioned on the respondent’s ability to pay therefor. The trial court’s denial "amounted to a deprivation of a substantial right.” (Supra, p 87.)
More recently, the Third Department again ruled the blood-grouping test to be mandatory. The defendant was denied fundamental rights to defend the charges against him, and a new hearing was ordered. (Matter of Linda "RR” v Brent “SS” 40 AD2d 908.)
In the event a proceeding to determine paternity is brought before the child is born, the respondent is entitled to an adjournment until after the child is born if he moves for a blood-grouping test. (Fowler v Rizzuto, 121 NYS2d 666; Family Ct. Act, § 533.)
Schatkins, Disputed Paternity Proceedings ([4th ed], vol 1, *631 § 9.01) discusses the legal aspects of blood tests. He states, among other things, the right to the test is a substantial one, and it is mandatory upon the court to grant it. Many times the only defense a respondent may have is an exclusion determined from the test. He further states in pages 9-12 through 9-16 that a study of the results of blood tests in New York City and in Erie County indicated that approximately 30% of the men accused who denied paternity and demand the test were proven not to be the fathers.
Counsel for the petitioner contends that since section 518 of the Family Court Act authorizes the proceeding to continue if the mother dies, or becomes disabled or is without the State, the same rule should apply if the infant dies, so the expenses can be recovered. The court holds otherwise. The statutes dealing with paternity proceedings must be rigidly followed. Any change in the procedure or substantive law concerning filiation proceedings must come from the Legislature.
In Matter of Schleimer v Swann (93 Misc 2d 520) the respondent moved to dismiss the paternity petition because the petitioning mother had failed to appear for blood tests with the child. Respondent had denied the allegations of the petitioner. The court held it would deprive the respondent of a "basic right” if he could not have the benefit of a blood test. The court stated it would grant relief to the respondent under CPLR 3126 if the petitioner failed to submit to the blood test.
It would be an unjust result to require the respondent, under the facts in this case, to proceed to trial. The Legislature has granted the respondent the unqualified right to a blood-grouping test by the wording of section 532 of the Family Court Act. That right cannot be overthrown or diminished by reference to other statutes, or by a decision of this court.
Since there can be no blood-grouping test, the petition is dismissed.