In the Matter of AGNES MORIZZO, as a Suffolk County Department of Social Services Caseworker, Respondent, v ARTHUR N., Appellant.—In a filiation proceeding, the appeals are from (1) an order of filiation of the Family Court, Suffolk County, dated August 30, 1976, (2) an order of the same court, dated January 13, 1977, which denied appellant's motion to vacate the order dated August 30, 1976, and (3) a filiation order of support of the same court, entered January 24, 1978. Appeals from the orders dated August 30, 1976 and January 13, 1977 dismissed, without costs or disbursements. Those orders come up for review on the appeal from the order entered January 24, 1978. Order entered January 24, 1978 reversed, on the law, without costs or disbursements, order of filiation vacated and proceeding remitted to the Family Court for a new hearing as to filiation in accordance herewith. Appellant, the putative father, appeared at the Family Court hearing without counsel. Under these circumstances, the trial court erred in asking him questions without first advising him of his statutory right to refuse to testify (see Family Ct Act, § 531; *Matter of Shirley D. v Ricardo B.,* 54 AD2d 564; *Matter of Valerie H. v Koene D. B.,* 38 AD2d 728). The mere admonishment as to his right to counsel was insufficient for these purposes. Accordingly, there must be a reversal and a new filiation hearing held, especially in view of the fact that there is no evidence of paternity in this case apart from appellant's admission (see *Matter of Shirley D. v Ricardo B., supra).* Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.

In the Matter of SHARON P. PATRICK P., Appellant; DEPARTMENT OF SOCIAL SERVICES OF ORANGE COUNTY, Respondent.—In a child protective proceeding, the father appeals from (1) an order of protection of the Family Court, Orange County, dated May 9, 1978, and (2) an order of the same court dated May 31, 1978 which (a) found the child to be a neglected child and (b) awarded custody of the child for 18 months to the Department of Social Services of Orange County. Orders affirmed, without costs or disbursements. The father was afforded ample opportunity to refute the charges, and did present evidence on his own behalf. However, the evidence presented established that the child often was left to reside with a neighboring friend for periods of time from a few days to two years. It was further established by a preponderance of the credible evidence adduced that she suffered excessive corporal punishment at the hands of her father. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.