*1086 OPINION OF THE COURT
Richard D. Huttner, J.
This is a motion to vacate two orders of filiation entered on August 3, 1978 adjudging the respondent to be the father of the children, D and L, born out of wedlock to Cheryl B. This proceeding was commenced by the Commissioner of Social Services as assignee of Ms. B.
Although a motion to vacate an order of a Judge of coordinate jurisdiction should be referred to the Judge who entered the order (CPLR 2221), this court is entertaining this motion since the Judge who presided at the initial proceeding is no longer a Judge of this court.
On August 3, 1978 the respondent waived counsel after the court advised him that he had a right to such representation. Thereafter the court inquired of Mr. D whether he was the father of the child D. The respondent admitted paternity. On further questioning, the respondent stated that, "well, its tough to get involved in. I would rather pay the damned thing.” Subsequently after the admission to paternity the court advised the respondent of his right to a blood test and of his ensuing legal obligations upon adjudication of paternity. Noting that there were, in fact, two petitions before the court, the respondent was then asked if he admitted paternity of the children, D and L. The respondent again acknowledged that they were his children.
The respondent now contends that he was coerced by the petitioner’s assignor, Ms. B, into admitting paternity, under the threat of embarrassing the respondent by litigating the matter in open court. Further, the respondent alleges that he did not understand the nature of the proceedings, his confusion being compounded by the respondent’s appearance without counsel.
Although proceedings under article 5 of the Family Court Act are civil in nature (Matter of Miller v Gordon, 58 AD2d 1027), respondent is entitled to an allocution encompassing the full complement of statutory rights as set forth hereinafter.
Before any inquiry is made of the respondent relative to the merits of the petition, it is incumbent upon the court to advise a respondent of his "right to be represented by counsel of his own choosing, of his right to an adjournment to confer with counsel, and of his right to have counsel assigned by the *1087 court in any case where he is financially unable to obtain same” (Family Ct Act, § 262, subd [a], par [vii]). Due to the legal consequences of an adjudication of paternity upon the rights of out-of-wedlock children, the legitimate children of putative fathers and the obligations of putative fathers, this statutory right must be zealously protected.
Pursuant to section 531 of the Family Court Act, a respondent shall not be compelled to testify, and must be advised of this statutory right prior to the commencement of the proceeding. Indeed, it has been held to be error for a court to question a respondent without first advising him of his right to refuse to testify, especially when a respondent appears without counsel. (Matter of Morizzo v Arthur N., 69 AD2d 864; Matter of Rodriguez v Purdy, 56 AD2d 804; but cf. Matter of Bido v Albizu, 36 AD2d 537.)
Under section 532 of the Family Court Act, the court, on motion of any party "shall advise the parties of their right to a blood test * * * to determine whether or not the alleged father can be excluded as being the father of the child”. In addition, if the putative father is unable to pay for the costs of the test, the court may direct payment from the public coffers. To deny or impair a respondent’s access to a blood test would deprive him of a substantial right — the opportunity to be conclusively excluded as the father, as a matter of law. (Matter of Schleimer v Swann, 93 Misc 2d 520; Matter of Torino v Cruz, 82 Misc 2d 684.) The court in Matter of Wayne County Dept. of Social Servs. v Reese (95 Misc 2d 629) stated that the right to a blood test is unqualified.
In view of the foregoing, the circumstances in the case at bar warrant vacatur of the orders of filiation. The allocution, which the respondent received before the commencement of the proceeding, was deficient in various respects.
The respondent was neither advised of his right to appointed counsel if it were found that he was unable to afford private counsel nor was he advised of his right to a blood-grouping test until after he admitted paternity of the child D. Further the respondent was not advised that the costs of the test would be paid for on his behalf if he were unable to afford the test.
The respondent may well have been motivated to admit paternity due to his financial inability to pay for counsel or the costs of the blood test. Had the respondent received an allocution encompassing the panoply of statutory rights to *1088 which he was entitled, his admission may not have been so readily forthcoming.
In addition, in circumstances similar to the case at bar, it has been held to be error for the trial court to pose questions to the respondent without first advising him of his right to refuse to testify where the respondent appeared without counsel. (Matter of Morizzo v Arthur N., 69 AD2d 864; Matter of Shirley D. v Ricardo B., 54 AD2d 564; Matter of Antoinette D. v Christopher M., 54 AD2d 564.)
The only evidence of paternity in the instant case is respondent’s admission. Without additional evidence, an admission of paternity does not meet the burden of proving paternity by clear and convincing evidence to the point of entire satisfaction. (Hansom v Hansom, 75 Misc 2d 3.) It was incumbent upon the court to inquire into the circumstances surrounding an admission to determine whether the admission was voluntarily made. (Matter of Antoinette D. v Christopher M., supra.) It is recognized that an admission may be made, not because the putative father recognizes the child as his own, but, as a means to avoid embarrassment which is incidental to a contested proceeding concerning a subject as sensitive as paternity. (Hansom v Hansom, supra.)
In the instant case, the transcript reveals that the respondent acted out of his desire to "buy” his way out of litigation. This should have spawned a suspicion that the admission may not have been voluntarily made.
The court neglected to examine the respondent to determine whether his admission was voluntary, nor was any additional evidence of paternity presented.
In the interests of justice, the respondent should be given the opportunity to contest the allegations of paternity to determine whether he is in fact the father of the children in question.
For the foregoing reasons, it is hereby ordered, that the motion to vacate the orders of filiation be and hereby is granted.
The clerk of the court is directed to notify the parties of the adjourned date for a full evidentiary hearing on the issue of paternity.