■ TAVO CREST BUILDING CORP., Appellant, v BOARD OF EDUCATION OF THE CITY OF RYE et al., Respondents. — Judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered February 6, 1981, upon an order which, *inter alia,* granted defendants' cross motion for summary judgment, affirmed, with $50 costs and disbursements. No opinion. (We deem the notice of appeal to be a premature notice of appeal from the judgment.) Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ In the Matter of ROSEMARIE F., Respondent, v ROBERT G., Appellant. — In a paternity proceeding, the appeal is from an order of paternity of the Family Court, Suffolk County (Mallon, J.), dated July 17, 1978. Leave to appeal is hereby granted. Order reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court for further proceedings consistent herewith. The order dated September 1, 1978 is vacated. Pending the new determination, appellant is to continue support payments of $10 per week to the Suffolk County C.S.E.B./Support Collection Unit. It was improper for the Family Court to deny the appellant's request pursuant to section 532 of the Family Court Act that the court direct the county to pay the cost of a blood grouping test. Such a test is a fundamental right (see *Matter of Linda "RR" v Brent "SS"*, 40 AD2d 908). The appellant established his inability to pay the $120 needed for the test. He demonstrated that his income was meagre and that he was barely able to meet his monthly needs. Nevertheless, the Family Court found that he was able to pay. This was error. Accordingly, the matter must be remitted to the Family Court and an order issued directing the County of Suffolk to pay the costs of a blood grouping test. Following the test, a new determination on the petition should be made. Hopkins, J. P., Titone, Gibbons and Rabin, JJ., concur.