■ In the Matter of CHRISTINE A., Respondent, v GEORGE D., Appellant.—In a filiation proceeding, the appeal is from an order of the Family Court, Orange County (Mishkin, J.), entered October 23, 1984, which (1) denied the appellant's motion to vacate an adjudication of paternity made by that court on March 6, 1984; (2) denied the appellant a new hearing regarding support; (3) directed the appellant to pay support for the child in the amount of $60 per week; and (4) granted the petitioner's application for counsel fees.

Order affirmed, with costs.

The Family Court did not abuse its discretion by denying the appellant's motion to vacate an adjudication of paternity previously made by the same court. The record establishes that the appellant admitted paternity at a hearing held on March 6, 1984, at which time he was represented by counsel and had received the results of a human leucocyte antigen blood tissue test which he had requested at the commencement of this proceeding. He was, therefore, fully informed of his statutory rights (see, Matter of Cheryl B. v Alfred W. D., 99 Misc 2d 1085). Since a filiation proceeding is civil, not criminal in nature (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137), no further "allocution" of his rights was necessary.

Under the facts of this case, the Family Court also did not abuse its discretion when it denied the appellant a new hearing on the issue of support. The appellant had claimed that he was denied due process of law when a hearing officer conducted a hearing on the issue of support after his counsel failed to appear. The appellant had already been granted several prior adjournments, and did not request another. The hearing officer delayed the proceeding for a time before commencing it and gave the appellant every consideration regularly afforded to a pro se litigant (see, Matter of Abbondola v Abbondola, 40 AD2d 976). Furthermore, we note that the appellant has made no specific objections regarding the reasonableness of the hearing officer's support recommendation.

Finally, it was within the Family Court's discretion to grant the petitioner's application for counsel fees in the amount of $1,500, since that award was made with knowledge of the

petitioner's financial status and based upon a determination as to the complexity of the case and the legal expertise it required (see, Pfeiffer v Byrne, 53 NY2d 1021). We have examined the appellant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.