OPINION OF THE COURT
John S. Parker, J.
The petitioner in this paternity proceeding alleges that respondent is the father of her child born on February 4, 1987. The child died on the same day of its birth. Following respondent’s initial appearance on June 10, 1987 before the Hearing Examiner, and his denial of the allegations, the *806 matter was referred to this court for determination of the issue of support and paternity.
Respondent now moves this court for dismissal of the petition on the grounds that he has an unqualified right to a blood test and, as the child is deceased, such test cannot be conducted. The respondent relies on the authority set forth in Wayne County Dept. of Social Servs. v Reese (95 Misc 2d 629 [1978]).
Petitioner argues that subsequent to the above-cited Wayne County case (supra) section 532 of the Family Court Act was amended to allow HLA test results (regardless of whether the father was excluded) as probative evidence and to give both the mother and putative father the right to such tésting. In addition the respondent argues that this matter is primarily a support case charging respondent with costs of the child’s birth and thus falls with the nonmandatory language of section 418 of the Family Court Act.
As a result of the child’s death there are no issues of inheritance or continuing care, maintenance and education. The father’s sole responsibility is the joint obligation, with the mother, for support and funeral expenses (Family Ct Act § 513). These obligations are provided for as well in section 416 of the Family Court Act.
It does not seem appropriate that this court should dismiss upon the failure of the petitioner to proceed in support rather than paternity.
Both of the parties are here denied the benefit of the blood-grouping test. Amended section 532 (a) of the Family Court Act now states that the results of such tests "may be received in evidence to aid in the determination of whether the alleged father is or is not the father of the child” (emphasis added). Such language is not mandatory. In any event the results of an HLA test are only one of the evidentiary factors upon which paternity can be determined.
Additionally the petitioner has the burden of establishing paternity by clear and convincing evidence. As the petitioner bears no responsibility for failing to have HLA results available to the court, she should not be precluded from proceeding with her proof.
Respondent’s motion for dismissal of the petition is denied.