■ In the Matter of Luz INGRAVERA, Respondent, v MARVIN Goss, Appellant. [786 NYS2d 344]—

In a proceeding pursuant to Family Court Act articles 4 and 5, Marvin Goss appeals from an order of the Family Court, Kings County (Wright, J.), dated December 23, 2002, which denied his objections to an order of the same court (Mayeri, H.E.), dated August 27, 2002, which directed him to pay child support in the sum of $55 per week commencing September 4, 2002, and in the sum of $65.27 per week commencing October 9, 2002. The appeal brings up for review an order of filiation of the same court (Turbow, J.), dated September 28, 2001.

Ordered that the order dated December 23, 2002, is reversed, on the law, without costs or disbursements, the order dated September 28, 2001, is vacated, and the matter is remitted to the Family Court, Kings County, for a hearing and new determination in accordance herewith.

An indigent appellant in a proceeding to determine paternity is entitled to the assignment of counsel (*see* Family Ct Act § 262 [a] [vii]; *Matter of Cheryl B. v Alfred W.D.*, 99 Misc 2d 1085 [1979]; *cf. Matter of Christine A. v George D.*, 122 AD2d 208 [1986]). The Family Court erred in ignoring the appellant's un- equivocal request for the appointment of counsel, purportedly due to the difficulty of obtaining counsel. The determination made following a hearing at which the indigent appellant's request for counsel was not honored must therefore be vacated (*see Matter of DuBova v Lekumovich*, 302 AD2d 459 [2003]; *Matter of Allegany County Dept. of Social Servs. [Jennifer L.H.] v Thomas T.*, 273 AD2d 916 [2000]). Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.