Matter of Dwayne H. v Chaniece T. (2018 NY Slip Op 02620)





Matter of Dwayne H. v Chaniece T.


2018 NY Slip Op 02620


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-01894
 (Docket No. P-33063-13)

[*1]In the Matter of Dwayne H. (Anonymous), petitioner- respondent, 
v
Chaniece T. (Anonymous), respondent, Michael A. (Anonymous), appellant.


Leighton M. Jackson, New York, NY, for appellant.
David Laniado, Cedarhurst, NY, for petitioner-respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Barbara H. Dildine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Michael A. appeals from an order of filiation of the Family Court, Kings County (Erik S. Pitchal, J.), dated December 17, 2015. The order of filiation adjudicated the petitioner to be the father of the subject child.
ORDERED that the order of filiation is affirmed, without costs or disbursements.
In December 2013, the petitioner commenced this paternity proceeding against the mother of the subject child, seeking an order declaring the petitioner to be the child's father. In August 2014, the appellant signed an acknowledgment of paternity of the child, and in June 2015, he was added as a necessary party to the proceeding. After the appellant was added to the proceeding, the Family Court indicated that it would hold an equitable estoppel hearing before allowing the petitioner to proceed on his paternity petition or obtain genetic marker testing (hereinafter DNA testing).
Thereafter, the appellant failed to appear for the equitable estoppel hearing on July 1, 2015, and the Family Court, in effect, determined that the appellant had defaulted, dismissed the appellant's equitable estoppel defense to the petition, and granted the petitioner's request for DNA testing. Approximately one month later, the appellant moved, inter alia, in effect, to vacate his default in appearing at the equitable estoppel hearing and to reschedule the equitable estoppel [*2]hearing and bar admission of the DNA testing results. In support of the appellant's motion, counsel for the appellant represented that the appellant had not appeared at the hearing on July 1, 2015, because the appellant had gone to Georgia to obtain the child's birth certificate and, due to a bus delay, arrived late in court that day after the conclusion of the hearing. The court denied the appellant's motion. Following receipt of the DNA testing results, in an order dated December 17, 2015, the court declared the petitioner to be the father of the child.
Contrary to the Family Court's determination, the representation by counsel for the appellant that the appellant arrived to court late on July 1, 2015, because his bus was delayed constitutes a reasonable excuse for failing to appear in time for the hearing (see Matter of Morales v Marma, 88 AD3d 722, 723). Nonetheless, the appellant failed to demonstrate that he had a potentially meritorious defense of equitable estoppel. The appellant's submissions failed to demonstrate that a loving parent-child bond was established between him and the child or that the child relied upon his alleged representation of paternity (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5-6; Matter of John J. v Kayla I., 137 AD3d 1500, 1502; Matter of Stephen W. v Christina X., 80 AD3d 1083, 1085-1086). Accordingly, the court properly denied the appellant's motion.
Contrary to the appellant's contention, he was not deprived of the effective assistance of counsel (see Family Ct Act § 262[a][viii]; People v Benevento, 91 NY2d 708, 712; Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049, 1050; Matter of Ingravera v Goss, 13 AD3d 627, 628).
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court