■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK PRICE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered June 7, 1983, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant claims that his written and videotaped statements were involuntarily obtained. However, the hearing court's finding to the contrary has ample support in the record and, therefore, should not be disturbed (see, People v Spivack, 111 AD2d 884; People v Armstead, 98 AD2d 726). The defendant, who was then 16 years old, was advised of his Miranda rights in the presence of his father shortly after they voluntarily arrived at the precinct professing a desire to cooperate with law enforcement personnel. Even though the defendant was subsequently questioned by police officers and an Assistant District Attorney outside of his father's presence, this was done with his father's consent. "Absent evidence that the police intentionally deprived the defendant of access to his family in an effort to bar his exercise of his right to counsel and to obtain a confession, there is no infringement on the

defendant's rights" *(People v Fuschino,* 59 NY2d 91, 100; *cf., People v Bevilacqua,* 45 NY2d 508; *People v Townsend,* 33 NY2d 37).* We have considered the many other arguments advanced by the defendant to support his claim and find that under the totality of the circumstances, they do not negate the conclusion that the defendant's statements were voluntarily and freely obtained *(see, People v Anderson,* 42 NY2d 35, 38; *People v Spivack, supra).*

The defendant also claims that his plea was improperly accepted by the trial court. By failing to move to withdraw his plea prior to sentencing, the defendant has not preserved the issue of the plea allocution's sufficiency for appellate review *(see, People v Fuentes,* 125 AD2d 328). In any event, the plea allocution clearly established a sufficient factual basis for the court's acceptance of his guilty plea *(see, People v Francis,* 38 NY2d 150; *People v Foster,* 19 NY2d 150; *People v Serrano,* 15 NY2d 304; *People v Langhorn,* 119 AD2d 844).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.