■ In the Matter of ANNIE O'HERRON, Respondent, v JONATHAN O'HERRON, Appellant. [751 NYS2d 594] —In a family offense proceeding pursuant to Family Court Act article 8, Jonathan O'Herron appeals from (1) an order of protection of the Family Court, Westchester County (Horowitz, J.), dated February 8, 2002, which, after a hearing, at which it was found that he had committed a family offense within the meaning of Family Court Act § 812, directed that he refrain from, inter alia, assault, stalking, and harassment of the petitioner, and (2), as limited by his brief, from stated portions of a modified order of protection of the same court, also dated February 8, 2002, which, inter alia, further directed that he stay out of the petitioner's bedroom and bathroom.

Ordered that the appeal from the order of protection is

dismissed, as that order was superseded by the modified order of protection; and it is further,

Ordered that the modified order of protection is reversed insofar as appealed from, on the law, without costs or disbursements, the order of protection is vacated, and the proceeding is dismissed.

Although the modified order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (*see Matter of Mazzola v Mazzola,* 280 AD2d 674, 675; *Matter of Hendrick v DiRusso,* 264 AD2d 523, 524; *Matter of Tibichrani v Debs,* 230 AD2d 746).

The Family Court found that the appellant had made no threat that would have led to any type of physical harm and expressly questioned whether the appellant "intended to do anything." In this posture, the Family Court negated a necessary element of menacing in the third degree (*see* Penal Law § 120.15; *cf. Yvette H. v Michael G.,* 270 AD2d 123). Since the modified order of protection was based on a conclusion that the appellant was guilty only of menacing in the third degree, the modified order of protection must be reversed insofar as appealed from, the order of protection vacated, and the proceeding dismissed (*see* Family Ct Act § 841 [a]). Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.