■ In the Matter of LARISA DuBOVA, Respondent, v GENRIKH LEKUMOVICH, Appellant. [754 NYS2d 583] —In a family offense proceeding pursuant to Family Court Act article 8, Genrikh Lekumovich appeals from an order of protection of the Family Court, Kings County (Turbow, J.), dated September 25, 2001, which, after a hearing, at which it was found that he had committed a family offense by committing the act of harassment in the second degree, granted an order of protection and directed, inter alia, that he stay away from the petitioner and her home.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination in accordance herewith.

Although the order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (*see Matter of O'Herron v O'Herron,* 300 AD2d 491; *Matter of Mazzola v Mazzola,* 280 AD2d 674, 675).

Despite the appellant's request for the assignment of counsel,

the ensuing proceedings were conducted without the benefit of counsel for either party, purportedly due to the difficulty of obtaining counsel. The appellant correctly maintains that an indigent appellant in a proceeding pursuant to Family Court Act article 8 is entitled to the assignment of counsel (*see* Family Ct Act § 262). Absent a valid waiver of the right to counsel, the determination made following a proceeding at which the indigent appellant's request for counsel was not honored must be reversed (*see Matter of Commissioner of Social Servs. [Jenelle M. Alkon] v Rodriquez,* 284 AD2d 330, 331; *Matter of Meko M.,* 272 AD2d 953; *Gaudette v Gaudette,* 263 AD2d 620; *cf. Matter of Child Welfare Admin. v Jennifer A.,* 218 AD2d 694). Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.