■ In the Matter of HOWARD LONDON et al., Respondents, v ARTHUR BLAZER, Appellant. (Proceeding No. 1.) In the Matter of HOWARD LONDON et al., Respondents, v RACHEL BLAZER, Appellant. (Proceeding No. 2.) [770 NYS2d 375]—In two related family offense proceedings pursuant to Family Court Act article 8, (1) Arthur Blazer appeals from an order of protection of the Family Court, Queens County (Richroath, J.), dated September 18, 2002, which, after a hearing at which it was found that he had committed a family offense within the meaning of Family Court Act § 812, directed, inter alia, that he refrain from telephone contact, stalking, and harassment of the petitioner and his two children until September 18, 2003, and (2) Rachel Blazer appeals from an order of protection of the same court also dated September 18, 2002, which, after a hearing at which it was found that she had committed a family offense within the meaning of Family Court Act § 812, directed, inter alia, that she refrain from telephone contact, stalking, and harassment of the petitioner and his two children until September 18, 2003.

Ordered that the appeals from the dispositional provisions of the orders are dismissed, without costs or disbursements, as those portions of the orders were superseded by two orders of the same court dated March 18, 2003, entered on consent; and it is further,

Ordered that the orders are reversed insofar as reviewed, on the law, without costs or disbursements, the orders of protection are vacated insofar as reviewed, the petitions are denied, and the proceedings are dismissed.

The orders of protection dated September 18, 2002, inter alia, prohibited the appellants from having telephone contact with the petitioner and his two children. The orders of protection entered on consent on March 18, 2003, however, prohibited the appellants from having any type of contact with the children, and otherwise included all of the provisions of the orders of protection dated September 18, 2002. Thus, the dispositional provisions of the orders dated September 18, 2002, were superseded by orders of the same court dated March 18, 2003, entered on consent, from which no appeal could have been taken. Therefore, the appeals from the dispositional provisions of the superseded orders are dismissed.

The remainder of the appeals have not been rendered academic, however, because the appellant's consent to the dispositional provisions of the order dated March 18, 2003, did not represent an abandonment of the appellants' objections to the fact finding on which the March 18, 2003, orders were based. Moreover, the enduring consequences that may flow from an adjudica-

tion of a family offense warrant review of the fact finding (*see Matter of DuBova v Lekumovich,* 302 AD2d 459 [2003]; *Matter of O'Herron v O'Herron,* 300 AD2d 491, 492 [2002]; *Matter of Mazzola v Mazzola,* 280 AD2d 674, 675 [2001]).

The testimony proffered at the hearing in the Family Court failed to establish, by a preponderance of the evidence, the necessary elements of the offenses of stalking in the fourth degree, harassment in the second degree, or aggravated harassment in the second degree (*see* Family Ct Act § 812 [1]; § 832; *Cavanaugh v Madden,* 298 AD2d 390 [2002]; *cf.* Penal Law § 120.45 [2]; §§ 240.26, 240.30; *Matter of Dabbene v Dabbene,* 297 AD2d 812 [2002]; *Matter of Topper v Topper,* 271 AD2d 613 [2000]; *Matter of Hogan v Hogan,* 271 AD2d 533 [2000]). Accordingly, we reverse the orders dated September 18, 2002, insofar as reviewed, vacate the orders of protection insofar as reviewed, deny the petitions, and dismiss the proceedings (*see* Family Ct Act § 841 [a]).

In view of the foregoing, we do not reach the appellants' remaining contention. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.