■ In the Matter of DARLENE M. GARLAND, Respondent, v JOHN GARLAND, Appellant. [769 NYS2d 758]—In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Queens County (Richroath, J.), dated November 20, 2002, which, after a hearing and upon a finding that he committed family offenses within the meaning of Family Court Act § 812, directed, inter alia, that he stay 500 feet away from the petitioner, her residence, and her place of employment until November 20, 2003.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Although the order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (see Matter of Hogan v Hogan, 271 AD2d 533 [2000]). The record does not support the Family Court's determination that the husband committed family offenses warranting the issuance of the order of protection (see Family Ct Act § 812 [1]; § 832; Matter of London v Blazer, 2 AD3d 860 [2003]; Matter of Cavanaugh v Madden, 298 AD2d 390 [2002]). Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.