■ In the Matter of KRISTINE J. THOMAS, Respondent, v GREGORY M. THOMAS, Appellant. [820 NYS2d 316]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Suffolk County (Freundlich, J.), dated March 4, 2005, which, after a hearing, and upon a finding that he committed a family offense within the meaning of Family Court Act § 812, directed, inter alia, that he stay away from the wife until March 4, 2007.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

In the petition, the wife alleged that in July 2002, July 2004, December 2004 and January 2005, the husband committed acts constituting aggravated harassment in the second degree and assault in the third degree. Following a hearing, the Family Court found that the husband committed a family offense based upon an incident that allegedly occurred in July 2002. The Family Court dismissed the remaining counts alleged in the petition. The Family Court then issued an order of protection, wherein it directed, inter alia, that the husband stay away from the wife until March 4, 2007. We reverse.

The evidence adduced at the hearing failed to support a finding that in July 2002 the husband committed acts which would constitute either aggravated harassment in the second degree (see Penal Law § 240.30) or assault in the third degree (see Penal Law § 120.00). Further, the order of protection is based upon acts which allegedly occurred in July 2002. Those events were not "relatively contemporaneous" (Swersky v Swersky, 299 AD2d 540, 541 [2002]; see Yoba v Yoba, 183 AD2d 418 [1992]). Accordingly, the Family Court should have denied the petition and dismissed the proceeding.

In light of this determination, we need not address the husband's remaining contentions. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.