■ In the Matter of GABRIELLA PATTON, Respondent, v ANIBAL TORRES, JR., Appellant. [832 NYS2d 599]—In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated October 26, 2005, which, after a hearing, directed the issuance of an order of protection, to remain in ef-

fect until July 13, 2007, inter alia, directing the father to refrain from assaulting, stalking, harassing, and menacing the mother.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the order of protection dated July 14, 2005 is vacated.

The allegations in the petition in a family offense proceeding seeking the issuance of an order of protection must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]). Here, the evidence proffered in support of the petition failed to establish that the father committed the family offense of harassment as charged in the petition (*see* Penal Law § 240.26 [3]; Family Ct Act § 812; *People v Wood*, 59 NY2d 811, 812 [1983]; *People v Chasserot*, 30 NY2d 898, 899 [1972]; *Matter of Garland v Garland*, 3 AD3d 496 [2004]; *Matter of London v Blazer*, 2 AD3d 860, 861 [2003]; *Matter of Anonymous v Anonymous*, 23 AD3d 461 [2005]; *Matter of Sawdey-Dacey v Dacey*, 236 AD2d 896 [1997]). Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.