■ In the Matter of ANGELLA BOWE, Appellant, v CRAIG ALAN BOWE, Respondent. (Proceeding No. 1.) In the Matter of ANGELLA BOWE, Appellant, v CRAIG ALAN BOWE, Respondent. (Proceeding No. 2.) In the Matter of CRAIG A. BOWE, Respondent, v ANGELLA BOWE, Appellant. (Proceeding No. 3.) [849 NYS2d 295]—In a family offense proceeding pursuant to Family Court Act article 8, and two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Nassau County (Kase, J.) dated April 18, 2006, which, after a hearing, denied her family offense petition and vacated the temporary order of protection issued against the father, (2) an order of the same court dated April 24, 2006, which, after a hearing on the issue of custody, denied her

petition for custody of the child, and (3) an order of the same court dated June 21, 2006, which, after the same custody hearing, granted the father's petition for custody of the child.

Ordered that the orders are affirmed, without costs or disbursements.

The record supports the Family Court's determination that the mother failed to prove by a preponderance of the credible evidence that the father committed acts which would constitute the offenses of harassment, menacing, reckless endangerment, or disorderly conduct against the mother (*see Matter of Patton v Torres,* 38 AD3d 667, 668 [2007]; *Matter of Thomas v Thomas,* 32 AD3d 521 [2006]).

With respect to any determination as to custody, the paramount consideration must be the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza,* 305 AD2d 607, 607 [2003]; *see Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947-948 [1985]).

Contrary to the mother's contention, the Family Court considered the totality of the circumstances in determining that the best interests of the child would be served by awarding sole custody to the father (*see Friederwitzer v Friederwitzer,* 55 NY2d at 95-96). Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Rodriguez v Irizarry,* 29 AD3d 704 [2006]; *Matter of Ring v Ring,* 15 AD3d 406, 407 [2005]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.