In the Matter of MARY M. HASBROUCK, Respondent, v PAUL R. HASBROUCK, Appellant. [875 NYS2d 86]—

In a family offense proceeding pursuant to Family Court Act article 8, Paul R. Hasbrouck appeals from (1) an order of protection of the Family Court, Orange County (Bivona, J.), dated March 13, 2008, directing him, inter alia, to stay away from the petitioner's home, and (2) an order of disposition of the same court dated May 13, 2008, which, after a hearing, upon a finding that he had committed the family offenses of aggravated harassment and disorderly conduct, granted the petition and continued the term of a temporary order of protection dated December 17, 2007, until March 13, 2010.

Ordered that the order of protection and the order of disposition are reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

In a family offense proceeding, the allegations asserted in a petition seeking the issuance of an order of protection must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]; *Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]).

The petitioner failed to establish by a fair preponderance of the evidence that the appellant's acts on December 7, 2007, of,

inter alia, pounding his fist on a table in order to emphasize a point made during an animated discussion, constituted disorderly conduct (*see* Family Ct Act § 812 [1]; Penal Law § 240.20; *Matter of Bartley v Bartley*, 48 AD3d 678, 678-679 [2008]; *cf. Matter of Larson v Gilliam*, 49 AD3d 650 [2008]).

The petitioner also failed to establish by a fair preponderance of the evidence that the appellant had formed the requisite intent "to harass, annoy, threaten or alarm" the petitioner when he made a telephone call to her on December 16, 2007, seeking to go to her home to retrieve certain personal items previously left there (Penal Law § 240.30 [1] [a]). Thus, the evidence proffered at the hearing failed to establish that the appellant committed the family offense of aggravated harassment (*see* Penal Law § 240.30 [1] [a]; Family Ct Act § 832; *Matter of Thomas v Thomas*, 32 AD3d 521 [2006]; *Matter of London v Blazer*, 2 AD3d 860, 861 [2003]).

Since the record does not support the Family Court's determination that the appellant committed family offenses warranting the issuance of the order of protection (*see* Family Ct Act § 812 [1]; §§ 832, 841; *Matter of Garland v Garland*, 3 AD3d 496 [2004]; *Matter of London v Blazer*, 2 AD3d 860 [2003]; *Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]; *Matter of Anonymous v Anonymous*, 23 AD3d 461 [2005]), the order of protection and the order of disposition must be reversed, the petition denied, and the proceeding dismissed. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.