In the Matter of JIMMY D., a Person Alleged to be a Juvenile Delinquent, Appellant. [880 NYS2d 334]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 17, 2008, which, upon a fact-finding order of the same court dated August 23, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, criminal sexual act in the third degree, sexual misconduct, unlawful imprisonment in the second degree (two counts), course of sexual conduct against a child in the second degree, attempted sexual abuse in the first degree, and attempted sexual abuse in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation or a period of 18 months. The appeal brings up for review the fact-finding order, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress his written statement to a police detective.

Ordered that the order of disposition is modified, on the law and as a matter of discretion, by vacating the provisions thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of unlawful imprisonment in the second degree (two counts) and sexual misconduct, and substituting therefor provisions dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Contrary to the appellant's contention, the presentment agency met its burden of proving the voluntariness of his inculpatory statement to the police detectives. The evidence does not suggest that the detectives engaged in a "seemingly conscious scheme to isolate the [appellant] from his mother in an apparent effort to bar his free exercise of the right to counsel" (*People v Butler*, 112 AD2d 1006, 1007 [1985], citing

*People v Bevilacqua,* 45 NY2d 508, 513 [1978]; *People v Townsend,* 33 NY2d 37, 39-42 [1973]). The appellant's mother accompanied him to the building where he was questioned and was present during the waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]). She then gave the detective permission to interview the appellant outside of her presence. The appellant's whereabouts were never concealed from his mother and there is no evidence that he asked that his mother be present while he was questioned (*see People v Price,* 128 AD2d 560, 560-561 [1987]). Although the detective implied that the appellant may be able to get counseling if he told the truth, this would not prompt the appellant to falsely admit to the crime (*see People v Ginsberg,* 36 AD3d 627, 628 [2007]; *People v Pugh,* 201 AD2d 934 [1994]; *People v Baird,* 167 AD2d 693 [1990]).

The appellant contends that the two counts of unlawful imprisonment in the second degree should have been dismissed under the merger doctrine. The merger doctrine precludes a finding with respect to the counts of unlawful imprisonment since the criminal sexual act and the imprisonment were "essentially simultaneous and inseparable, and any restriction on the victim's movements was wholly incidental to the commission of the criminal sexual act" (*Matter of Charles S.,* 41 AD3d 484, 486 [2007]; *see Matter of Bradley M.,* 36 AD3d 815, 815-816 [2007]). Therefore, we modify the order of disposition and the fact-finding order accordingly.

The Family Court dismissed the sexual misconduct count in its oral decision on the record made after the fact-finding hearing. However, the fact-finding order and the order of disposition include a finding as to this count. " 'A written order must conform strictly to the court's decision' " (*Scheuering v Scheuering,* 27 AD3d 446, 447 [2006], quoting *Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480 [1984]). Where there is a conflict, the decision controls (*see Verdrager v Verdrager,* 230 AD2d 786, 787 [1996]; *Green v Morris,* 156 AD2d 331 [1989]; *Di Prospero v Ford Motor Co.,* 105 AD2d at 480). An inconsistency between the two may be corrected either by way of a motion for resettlement or on appeal (*see* CPLR 2221, 5019 [a]; *Spier v Horowitz,* 16 AD3d 400 [2005]; *Green v Morris,* 156 AD2d at 331; *Young v Casabonne Bros.,* 145 AD2d 244, 248 [1989]). Therefore, we modify the order of disposition and the fact-finding order to conform to the Family Court's oral decision.

The appellant's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.