In the Matter of RUTH HARMON, Respondent; ROBERT HARMON et al., Appellants. (Proceeding No. 1.) In the Matter of RUTH HARMON, Respondent; ROBERT HARMON et al., Appellants. (Proceeding No. 2.) [900 NYS2d 761]—

In two related proceedings, inter alia, for a decree directing Robert Harmon and Theresa Muriel Stephens to distribute to the petitioner the corpus of a certain trust, Robert Harmon and Theresa Muriel Stephens appeal (1) from a decision of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated May 29, 2009, made after a hearing, and (2), as limited by their brief, from so much of a decree of the same court dated June 18, 2009, as, upon an order of the same court dated September 23, 2008, and upon the decision, (a) directed that the sum of "$607,814.81 made upon William Harmon's death to The Ruth Harmon Irrevocable Trust should be deemed transferred to the William Francis Harmon Irrevocable Trust, and from it subtracted the sum of $157,137.15, and the sum of $450,677.66 be turned over to the petitioner forthwith," and (b) failed to award prejudgment interest on the sum of $157,137.15, which was directed to be transferred to The Ruth Harmon Irrevocable Trust.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the decree is modified, on the facts and in the exercise of discretion, by deleting from the last decretal paragraph thereof the words "$607,814.81 made upon William Harmon's death to The Ruth Harmon Irrevocable Trust should be deemed transferred to the William Francis Harmon Irrevocable Trust, and from it subtracted the sum of $157,137.15," and substituting therefor the words "$450,677.66 made upon William Harmon's death to The Ruth Harmon Irrevocable Trust should be deemed transferred to the William Francis Harmon Irrevocable Trust"; as so modified, the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the appellants.

The petitioner and her late husband, William Francis Harmon

(hereinafter William), executed irrevocable trusts dated August 27, 2002. The appellants, Robert Harmon and Theresa Muriel Stephens, two of William's siblings, are cotrustees and residual beneficiaries of both trusts. William died on October 30, 2005. Pursuant to article III of the William Francis Harmon Irrevocable Trust (hereinafter the William Trust), the corpus of the William Trust was to be distributed to the petitioner upon William's death, unless the cotrustees determined that, by reason of illness or mental or physical disability, the petitioner was unable to properly handle her own affairs. Following William's death, the cotrustees determined that the petitioner was unable to properly handle her own affairs and refused to distribute the corpus of the William Trust to her. The cotrustees closed the William Trust and, on December 31, 2005, transferred the sum of $607,814.81 from the William Trust into The Ruth Harmon Irrevocable Trust (hereinafter the Ruth Trust). The petitioner then commenced these proceedings, inter alia, seeking distribution of the corpus from the former William Trust to her.

By motion dated June 5, 2008, the cotrustees moved for summary judgment, inter alia, on their offset claim seeking the transfer of the sum of $157,137.15 to the Ruth Trust. In support of their motion, the cotrustees argued that, at the time the Ruth Trust was created, William and the petitioner had irrevocably transferred the sum of $157,137.15 to the Ruth Trust, but the petitioner had prevented those sums from being delivered to the Ruth Trust. By order dated September 23, 2008, the Surrogate's Court granted that branch of the cotrustees' motion which was for summary judgment on their offset claim, finding that the sum of $157,137.15, held by the petitioner, was part of the Ruth Trust, and otherwise denied the remaining branches of their motion.

After a hearing, in a written decision dated May 29, 2009, the Surrogate's Court found, inter alia, that the cotrustees' determination that the petitioner was unable to properly handle her own affairs was not an abuse of the cotrustees' discretion, undertaken in bad faith, or completely arbitrary. Notwithstanding this finding, however, the decree appealed from directed "that the transfer of $607,814.81 made upon [William's] death to the [Ruth Trust] should be deemed transferred to [the William Trust], and from it subtracted the sum of $157,137.15, and the sum of $450,677.66 be turned over to the petitioner forthwith." On appeal, the cotrustees challenge the distribution of the sum of $450,677.66 to the petitioner and the failure to award prejudgment interest on the $157,137.15 offset claim, and contend that the offset claim was improperly subtracted after

the deemed transfer. The cotrustees concede that they should not have closed the William Trust and then transferred the trust corpus into the Ruth Trust. We modify.

A written order or judgment must conform strictly to the court's decision on which it is based, and where there is a conflict between the two, the decision controls (*see Matter of Jimmy D.*, 63 AD3d 737 [2009]; *Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]; *Spier v Horowitz*, 16 AD3d 400, 401 [2005]). However, this Court's authority is as broad as that of the hearing court and it may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933, 934 [2009]).

In determining payments to beneficiaries, a trustee must exercise his or her discretion in accordance with the standard which the trust imposes. In addition, "the trustee must reach a judgment soundly formed and in good faith upon the basis of the circumstances presented to him" (*Matter of Eckert*, 23 AD2d 32, 35 [1965]). "Once the test of discretion imposed by the settlor has been met, and the trustee has acted reasonably and in good faith, the court will not interfere with the exercise of his judgment" (*id.* at 35; *see Community Serv. Socy. of N.Y. v New York Community Trust*, 275 AD2d 171, 181 [2000]; *Matter of McManus*, 62 AD2d 758, 764 [1978], *affd* 47 NY2d 717 [1979]).

Here, article III of the William Trust vests the discretion to determine the petitioner's capability to properly handle her own affairs in the cotrustees. However, given the cotrustees' lack of contact with the petitioner, failure to investigate her capabilities, failure to raise concerns related to her management of finances, and failure to revisit the issue in subsequent years, we find that the cotrustees' determination that the petitioner was unable to handle her own affairs was not "a judgment soundly formed and in good faith upon the basis of the circumstances presented to [them]" (*Matter of Eckert*, 23 AD2d at 35). As a consequence, the Surrogate's Court properly directed that the corpus from the William Trust be deemed transferred to that trust and then disbursed to the petitioner. Moreover, the Surrogate's Court properly subtracted the sum of $157,137.15 from the disbursement to the petitioner, as that sum should have been transferred to the Ruth Trust. However, we modify the decree to the extent indicated to correct a defect in the deemed transfer of funds, which would result in the erroneous transfer of the sum of $157,137.15, funds adjudicated by the Surrogate's

Court to be part of the Ruth Trust, from the Ruth Trust into the William Trust (*see* CPLR 5019 [a]).

Contrary to the cotrustee's contention, the Surrogate's Court did not improvidently exercise its discretion in declining to award prejudgment interest on the sum of $157,137.15, which was directed to be transferred to the Ruth Trust (*see* CPLR 5001 [a]).

Since the petitioner did not cross-appeal, we do not reach her contention that the Surrogate's Court should have awarded prejudgment interest on the distribution to her (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 60-61 [1983]; *Adelman v Attonito*, 304 AD2d 507, 508 [2003]). Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.