■ In the Matter of MARY-JANE FOXWORTH, Respondent, v WILSON DEJESUS, Appellant. [903 NYS2d 114]—

In a family offense proceeding pursuant to Family Court Act article 8, Wilson DeJesus appeals from an order of protection of the Family Court, Kings County (Ross, J.H.O.), dated May 28, 2009, which, after a hearing, and upon a finding that he committed the family offense of disorderly conduct and a finding of aggravating circumstances, directed him to stay away from the former wife and her home and place of employment for a period of five years and to stay away from the subject child exclusive of court-ordered visitation for a period of five years.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

At a fact-finding hearing pursuant to Family Court Act article 8, the petitioner bears the burden of establishing the allegations in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832), and the Family Court's credibility determinations after a fact-finding hearing are entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]; Matter of Nusbaum v Nusbaum, 59 AD3d 725 [2009]). Here, the Family Court's findings are not supported by the record. In addition to the appellant's testimony, in which he denied committing any of the acts constituting the offenses alleged in the petition, the record contains the testimony of an apparently disinterested witness to the effect that he was present on April 18, 2008, at the time and place of the alleged incident that formed the basis of the Family Court's fact-finding, and that the incident never occurred. We note that the petitioner's current husband, who allegedly was standing next to the petitioner during that incident, and who was, according to the petitioner, the primary target of the appellant's aggressive conduct, did not testify at the hearing and that, under the circumstances, his unexplained absence is significant (cf. People v Gonzalez, 68 NY2d 424, 427 [1986]). Since the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed the family offense of disorderly conduct (see Family Ct Act § 812 [1]; Penal Law § 240.20; Matter of Patton v Torres, 38 AD3d 667, 668 [2007]; Matter of Garland v Garland, 3 AD3d 496 [2004]; cf. Matter of Benincasa v Benincasa, 65 AD3d 1040, 1041 [2009]), the order of protection appealed from must be reversed, the family offense petition denied, and the family offense proceeding dismissed (see Matter of Cavanaugh v Madden, 298 AD2d 390, 392 [2002]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.