In the Matter of MARIA ARUTI, Appellant, v IKE ARUTI, Respondent. [930 NYS2d 481]—

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621 [2009]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]; *Matter of Fleming v Fleming*, 52 AD3d 600 [2008]; *Matter of Rivera v Quinones-Rivera*, 15 AD3d 583 [2005]; *Matter of King v Flowers*, 13 AD3d 629 [2004]; *Matter of Topper v Topper*, 271 AD2d 613 [2000]).

Here, the petitioner failed to establish by a preponderance of the evidence that the respondent committed acts constituting a cognizable family offense (*see* Family Ct Act § 812 [1]; § 832; *Matter of Ann P. v Nicholas C.P.*, 44 AD3d 776 [2007]; *Matter of London v Blazer*, 2 AD3d 860, 861 [2003]). Since the allegations in the petition were not established, the Family Court properly, in effect, denied the petition and dismissed the proceeding (*see* Family Ct Act § 841 [a]; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d at 622; *Matter of King v Flowers*, 13 AD3d 629 [2004]; *Matter of Garland v Garland*, 3 AD3d 496 [2004]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.