■ In the Matter of MARY NUNZIATA, Respondent, v TODD J. NUNZIATA, Appellant. [941 NYS2d 190]—

In a family offense proceeding pursuant to Family Court Act article 8, Todd J. Nunziata appeals from an order of protection of the Family Court, Nassau County (Stack, J.H.O.), dated August 4, 2011, which, upon a finding, made after a hearing, that he had committed a family offense, directed him, inter alia, to refrain from communicating with the petitioner, except with

regard to matters concerning the health, welfare, parenting, and education of the parties' children, and to refrain from committing any acts of assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, or any criminal offense against the parties' children.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Drury v Drury*, 90 AD3d 754 [2011]; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]; *Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]; *Matter of Patton v Torres*, 38 AD3d 667, 668 [2007]). "Only competent, material and relevant evidence may be admitted in a fact-finding hearing" (Family Ct Act § 834; *see Matter of Daoud v Daoud*, 92 AD3d 878 [2d Dept 2012]; *Matter of Belinda YY. v Lee ZZ.*, 74 AD3d 1394, 1395 [2010]).

Here, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed any of the family offenses charged in the petition (*see Matter of Foxworth v DeJesus*, 74 AD3d 1064 [2010]; *Matter of Patton v Torres*, 38 AD3d at 668). Accordingly, the order of protection must be reversed, the petition denied, and the proceeding dismissed. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.