In the Matter of STEPHEN TESTA, Respondent, v LAURA STRICKLAND, Appellant. [951 NYS2d 910]—

" 'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record' " (*Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012], quoting *Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]). At a fact-finding hearing pursuant to Family Court Act article 8, the petitioner has the burden of establishing the allegations contained in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Foxworth v DeJesus*, 74 AD3d 1064 [2010]).

Here, the Family Court, after a hearing, made a finding on the record that the appellant had committed the offense of aggravated harassment. However, the order dated July 25, 2011, stated that she had committed the offense of harassment in the second degree. Where there is a conflict between an order or judgment and the court's decision upon which it was based, the decision controls (*see Matter of Harmon*, 73 AD3d 1059, 1061 [2010]; *McLoughlin v McLoughlin*, 63 AD3d 1017, 1019-1020 [2009]).

The petitioner did not establish by a fair preponderance of the evidence that the appellant's acts of sending several text messages to the parties' eldest son in May 2011 constituted aggravated harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.30; *Matter of Wendy Q. v Jason Q.*, 94 AD3d 1371, 1373 [2012]; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621, 622 [2009]) . In any event, the evidence also was not sufficient to establish by a fair preponderance of the evidence that her acts constituted harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]; *Matter of Ungar v Ungar*, 80 AD3d 771, 772 [2011]).

Since the record does not support the Family Court's determination that the appellant committed family offenses warranting the issuance of the order of protection, the order of protection, as well as the order dated July 25, 2011, must be reversed, the petition denied, and the proceeding dismissed (*see Matter of Aruti v Aruti*, 88 AD3d 700, 701 [2011]; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d at 622; *Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]).

In light of our determination, the appellant's remaining contentions have been rendered academic. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.