■ In the Matter of DONNA A. GOULD, Respondent, v JOHN GOULD, Appellant. [966 NYS2d 480]——

In a family offense proceeding pursuant to Family Court Act article 8, John Gould appeals (1) from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated May 24, 2012, which directed him, inter alia, to stay away from Donna A. Gould and John Gould, Jr., until and including May 24, 2014, and (2) from an amended order of fact-finding and disposition of the same court dated October 26, 2012, which, after a hearing, inter alia, found that he had committed the family offense of harassment in the second degree.

Ordered that the order of protection dated May 24, 2012, is reversed, on the facts; and it is further,

Ordered that the amended order of fact-finding and disposition dated October 26, 2012, is reversed, on the facts, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

" 'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and

that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record' " (*Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012], quoting *Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]). At a fact-finding hearing pursuant to Family Court Act article 8, the petitioner has the burden of establishing the allegations contained in the petition by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Foxworth v DeJesus*, 74 AD3d 1064 [2010]).

The petitioner did not establish by a fair preponderance of the evidence that the appellant's act of directing his attorney to ask the petitioner's attorney for a key to the marital residence, currently occupied by the petitioner, constituted harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]).

Since the record does not support the Family Court's determination that the appellant committed a family offense, the order of protection must be reversed, the amended order of fact-finding and disposition must be reversed, the petition must be denied, and the proceeding must be dismissed (*see Matter of Testa v Strickland*, 99 AD3d 917, 917-918 [2012]). Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.