Daniel E. Fitzpatrick, J.
This is an application for a ruling on the propriety and admissibility upon plaintiff’s examination before trial of the defendants of certain tape recorded telephone conversations allegedly had between the defendants and plaintiff’s mother.
Plaintiff is a subscriber to the services of the New York Telephone Company and has consented to the use of his telephone in his own one-family home by his mother, with whom he resides. Plaintiff has commenced tins suit against the instant defendants, who are friends of his mother, for damages for allegedly “ conspiring to assist plaintiff’s mother in provoking and instigating incidents tending to show plaintiff is mentally ill, a fit subject for commitment to a mental institution, to defame him, to harm him in his profession of teaching (he is an instructor in the Neward [sic] College of Engineering), etc. and to cause him to be, or his mother to be, deprived of possession of said house, and to disrupt his family life.”
In the belief that his own telephone was being used to the detriment of himself and his household, plaintiff arranged to tape record, on his own machine, the conversations to be held over his telephone by and between his mother and the defendants.
Upon the examination before trial of defendants Rabinowitz and Rauch plaintiff’s attorney sought to utilize the said tape recordings in order to refresh the recollections of said defendants who, up to that point, denied ever having had such conversations. Counsel for defendants objected and the present impasse resulted.
While the court is aware of the 1950 decision of our Court of Appeals in People v. Appelbaum (301 N. Y. 738) affirming the reversal by the Appellate Division, Second Department, of a judgment of conviction for violation of the then existing eavesdropping statute rendered by the Kings County Court (see 301 N. Y. 738, 739, and 277 App. Div. 43), the court notes that the Legislature, in 1957, enacted section 738 of the Penal Law, effective July 1, 1957. The pertinent'parts of that statute read as follows:
“ § 738. Eavesdropping
“ A person-.
“ 1. not a sender or receiver of a telephone or telegraph communication who wilfully and by means of instrument overhears or records a telephone or telegraph communication, or who aids, authorizes, employs, procures or permits another to so do, without the consent of either a sender or receiver thereof; or
*552 “ 2. not present during a conversation or discussion who wilfully and by means of instrument overhears or records such conversation or discussion, or who aids, authorizes, employs, procures or permits another to so do, without the consent of a party to such conversation or discussion ”. (Emphasis supplied.)
Section 739 of the Penal Law sets forth the circumstances under which certain eavesdropping shall be exempt from the sanctions imposed under the Penal Law. Suffice it to say that none of those circumstances is present or applicable here.
Section 740 of the Penal Law declares that any person violating any subdivision of section 738 shall be guilty of a felony punishable by imprisonment for not more than two years.
More important for our purposes, however, is section 741 of the Penal Law, which defines a “ person ” as used in the foregoing sections. That statute provides:
“ § 741. Person defined
“ As used in this article, the word 1 person ’ shall mean any individual, partnership, corporation or association including the subscriber to the telephone or telegraph service involved and any law enforcement officer. ’ ’
This court is of the opinion that sections 738 through 741 of the Penal Law, as enacted in 1957 (L. 1957, ch. 881, § 1) and amended in 1958 (L. 1958, ch. 675, § 1) overruled and superseded the People v. Appelbaum, decision (supra) and, accordingly, denies to plaintiff the use of the tape recorded conversations under the circumstances set forth above.