James H. Boomer, J.
Section 250.05 of the Penal Law makes it illegal to intentionally overhear or record a telephone conversation without the consent of either the sender or receiver. Is it a violation of this section when a husband, without his wife’s consent, taps the phone in the marital residence and records her conversations with other men for the purpose of obtaining evidence against her in a divorce action?
Federal cases, under a statute similar in language to our State statute, are conflicting. The United States Court of Appeals, Fifth Circuit, has held that Congress must not have intended to encompass in the broad prohibition of the statute personal acts of spouses within their marital home (Simpson v Simpson, 490 F2d 803). This case was followed by the United States District Court for the Southern District of New York in London v London (420 F Supp 944).
The Sixth Circuit has held to the contrary (United States v Jones, 542 F2d 661, 667), stating that the statute was clear on its face and that its blanket prohibition did not exclude "interspousal wiretaps.” "The natural presumption when construing a statute is that Congress meant what it said.”
Apparently the only decision in point construing our State statute is Plotkin v Rabinowitz (54 Misc 2d 550). There the Supreme Court, Queens County, held that the present eavesdropping statute overruled the 1950 decision of People v Appelbaum (277 App Div 43, affd 301 NY 738). In the Appelbaum case the Appellate Division stated that "the protection of a right of privacy may be subordinated where the circum *549 stances disclose the existence of a paramount right and the use of a telephone line is with the permission of and subordinate to the possessor of that paramount right. Such a paramount right is possessed by the subscriber to a telephone line. When such a subscriber consents to the use of his line, by his employee or by a member of his household, or by his wife, there is a condition implied that the telephone will not be used to the detriment of the subscriber’s business, household or marital status.” Apparently to overrule this decision, the new eavesdropping statute (Penal Law, § 738) enacted in 1957 (L 1957, ch 881), made it unlawful to wiretap without the consent of the sender or the receiver. Removing all doubt as to whether the subscriber had a paramount right, was the amendment enacted in 1958 (L 1958, ch 675; Penal Law, § 741) which defined the word "person” used in the statute as "including the subscriber to the telephone or telegraph service involved.”
While this definition of the word "person” was omitted when the new Penal Law was enacted in 1965 (new Penal Law, art 250), the new eavesdropping article was intended to be a restatement of the old law. (See Commission Staff notes to proposed article 255. Offenses Against Privacy of Communications; Edward Thompson 1964 Pamphlet; Practice Commentary, McKinney’s Cons. Laws of NY, Book 39, Penal Law, § 250.05.)
I hold that the statute clearly prohibits the act here complained of. The wiretap was made without the consent of either the sender or the receiver and is, therefore, illegal. No interspousal or subscriber exception is contained in the statute and the courts should not insert such an exception.
In order not to delay the trial of this action, I leave it to the Trial Justice to determine what evidence, if any, is "derived” from the illegal eavesdropping. I have already ordered that the plaintiff’s attorney have access to the recordings so that he may be prepared to make the proper application to the Trial Justice to exclude evidence derived from those recordings.