■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON FALU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered March 28, 1984, convicting him of murder in the second degree, robbery in the first degree, criminal use of a firearm in the first degree (two counts) and criminal possession of stolen property in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of stolen property in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant, armed with a loaded gun and accompanied by his codefendant Jose Torres, robbed a young couple of their car in Elmhurst, Queens. Within minutes police units on patrol in the area spotted the car and blocked it in traffic on Northern Boulevard. Two officers got out of their automobile and as they began to approach the stolen car, the defendant (who was the passenger) ducked his head below the window and reappeared with a gun. The stolen car suddenly accelerated and swerved across the center divider, almost hitting the approaching officers, who fired several shots at the car. The defendants drove the wrong way in the westbound lane of Northern Boulevard at a high rate of speed, pursued by police automobiles. They bounced off some parked cars, swerved around a police automobile and crashed into a car in the vicinity of Northern Boulevard and 38th Street, killing the occupant, Robert Chiatto. The defendant and Torres jumped out and ran, but they were captured as they tried to hide under parked cars.

The defendant contends on this appeal that the evidence adduced at trial was legally insufficient to prove his guilt of

murder in the second degree (felony murder) for two reasons. Neither reason proffered, however, has merit. The defendant's first claim is that it was the actions of the police officers in firing at the stolen car which caused Chiatto's death because Torres was forced to duck while driving to avoid the bullets and he consequently lost control of the car. However, the actions of the police officers who fired shots at the car would only exonerate the defendant if those actions were the sole cause of Chiatto's death (see, Matter of Anthony M., 63 NY2d 270, 280), which they clearly were not. Torres's reckless driving in an obvious attempt to avoid apprehension was a " 'sufficiently direct cause' " of the collision which killed Chiatto to support the defendant's guilt as an accomplice (People v Stewart, 40 NY2d 692, 697). The defendant's second claim, that Chiatto's death did not occur while the defendant and Torres were in immediate flight from the robbery, was a question of fact for the Judge in this bench trial and we find the evidence to support the defendant's conviction in that regard both legally and factually sufficient (see, People v Jeffries, 122 AD2d 281, lv denied 68 NY2d 915; People v Carter, 50 AD2d 174; CPL 470.15 [5]).

The defendant also contends that the admission into evidence of Torres's confession which implicated the defendant, despite the limitation that it was only received against Torres, violated the defendant's rights under the Confrontation Clause, citing Bruton v United States (391 US 123). We note that although Torres's statement essentially duplicates or "interlocks" with what the defendant told the police in his own statement, "interlocking" no longer avoids the impact of the exclusionary rule of Bruton unless the error was harmless (see, Cruz v New York, 481 US —, 107 S Ct 1714, on remand 70 NY2d 733; Harrington v California, 395 US 250; People v Smalls, 55 NY2d 407). However, we find that any Confrontation Clause violation was harmless beyond a reasonable doubt in view of the overwhelming evidence of the defendant's guilt of the crimes charged, which was established through the testimony of other independent witnesses, and we further find that there is no reasonable possibility that the trier of fact would have acquitted the defendant but for the erroneous admission of Torres's statement (see, People v Crimmins, 36 NY2d 230; People v McCain, 134 AD2d 286).

The defendant also contends on appeal that he was deprived of a fair trial because evidence was elicited at trial of his identification by the complainants at a suggestive precinct showup, which evidence had previously been ordered sup-

pressed after a pretrial hearing. Although such evidence was indeed erroneously elicited from the complainants, the court ordered it stricken upon realizing the error. Since the Judge as the trier of fact is presumed to have considered only competent evidence in reaching his verdict (see, People v Brown, 24 NY2d 168), we find that the error was effectively cured by striking the testimony.

The defendant argues and the People concede, that his knowing possession of a stolen gun was not proved. His conviction of that offense must, therefore, be reversed and the sentence thereon vacated. We find the remainder of the sentence imposed appropriate.

The remaining issues raised by the defendant are without merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.