■ In the Matter of GRACE CZOP, Respondent, v ROY F. CZOP, Appellant. [801 NYS2d 63]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Orange County (Bivona, J.), entered September 7, 2004, which, upon a finding that he committed an act which would constitute the offense of harassment in the second degree,

made after a hearing, directed him, inter alia, to refrain from assaulting, stalking, harassing, menacing, or threatening the wife.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing and determination before a different judge; and it is further,

Ordered that the temporary order of protection dated July 13, 2004, is reinstated pending the new determination.

In this family offense proceeding, the husband was charged with harassment in the second degree resulting from a heated dispute with the wife. The wife testified at the hearing that shortly after he was served with divorce papers, the husband, yelling and wildly pacing back and forth, threatened the wife with bodily injury. The wife further testified that the husband owned guns, and that she feared for her safety. Upon the advice of responding police, the wife left the marital residence for the night.

Harassment in the second degree is committed "when, with intent to harass, annoy or alarm another person . . . [a person] *strikes, shoves, kicks or otherwise subjects such other person to physical contact, or* attempts or *threatens to do the same*" (Penal Law § 240.26 [1] [emphasis supplied]). Evidence of a genuine threat of physical harm backed by the ability to carry it out is sufficient to prove harassment in the second degree (*see Matter of Jessica C. v Esteban B.*, 13 AD3d 183 [2004]; *Yvette H. v Michael G.*, 270 AD2d 123 [2000]; *People v Sylla*, 7 Misc 3d 8 [2005], *lv denied* 4 NY3d 857 [2005]; *People v Goldstein*, 196 Misc 2d 741 [2003]; *cf. People v Ruggerio*, 4 Misc 3d 133 [A], 2004 NY Slip Op 50747[U] [2004]).

An order of protection rendered in a family offense proceeding (*see* Family Ct Act § 841 [d]; § 842) may not be based upon allegations not charged in the petition (*see Matter of Cavanaugh v Madden*, 298 AD2d 390, 392 [2002]; *Matter of Whittemore v Lloyd*, 266 AD2d 305 [1999]). Although a judge sitting as trier of fact is ordinarily presumed to be able to base a determination on admissible evidence while ignoring inadmissible evidence (*see People v Lamphier*, 302 AD2d 864, 865 [2003]; *People v Falu*, 138 AD2d 510, 512 [1988]), that did not occur here.

At the hearing, the wife offered testimony regarding a prior physical assault. The husband objected to the admission of this evidence as it sought to prove an incident that was not charged in the petition. The Family Court sustained the husband's objection and struck the wife's testimony. However, at the close of the evidence, when it announced its determination, the Family

Court inexplicably referred to the wife's testimony of the prior assault, mischaracterizing it as "uncontroverted." Moreover, the Family Court expressly stated that the wife's testimony of the prior assault would be taken into consideration. This was error.

Furthermore, the Family Court erred in curtailing the husband's cross-examination of the wife concerning her alleged installation of a tape recording device on the parties' telephone line in order to surreptitiously record the husband's telephone conversations. Such conduct, if proved, constitutes eavesdropping in violation of Penal Law § 250.05 (*see Connin v Connin*, 89 Misc 2d 548 [1976]). This evidence was probative of the wife's credibility (*see Badr v Hogan*, 75 NY2d 629 [1990]) and such cross-examination should have been allowed.

Accordingly, we agree with the husband's contention that he was denied a fair hearing, and we remit the matter for a new hearing and determination before a different Family Court judge (*see Matter of Devon B.*, 1 AD3d 432 [2003]; *Matter of Vidal v Mintzer*, 309 AD2d 756 [2003]; *Matter of Zachery M.*, 306 AD2d 348 [2003]). Crane, J.P., S. Miller, Goldstein and Lifson, JJ., concur.