■ In the Matter of TZI UNGAR, Respondent, v MARTIN UNGAR, Appellant. [915 NYS2d 614]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Kings County (Feldman, J.H.O.), dated February 9, 2010, which, after a hearing, upon a finding that he had committed acts constituting the family offense of harassment, in effect, granted his son's petition for an order of protection.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner (hereinafter the son) filed a family offense petition dated September 19, 2008, against the appellant (hereinafter the father). The petition alleged harassment and that the most recent incident had occurred on September 11, 2008. The Family Court issued a temporary order of protection and thereafter denied the father's motion to dismiss the petition. On February 9, 2010, a fact-finding hearing was held and the Family Court heard testimony from both the son and the father. The Family Court granted the petition and issued an order of protection against the father, based, in part, upon a postpetition incident purportedly occurring in October 2008.

As the son specifically acknowledged that the petition had not been amended, the Family Court improperly issued the order of

protection based, in part, upon allegations of acts that occurred in October 2008 (*see Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]; *Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]; *Matter of Whittemore v Lloyd*, 266 AD2d 305 [1999]).

Considering the other allegations set forth in the petition, the testimony proffered at the hearing before the Family Court failed to establish, by a preponderance of the evidence, the necessary elements of the offenses of harassment in the first degree or harassment in the second degree (*see* Family Ct Act § 812 [1]; § 832; *Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621 [2009]; *Matter of Ebony J. v Clarence D.*, 46 AD3d 309 [2007]; *Matter of Garland v Garland*, 3 AD3d 496 [2004]; *Matter of London v Blazer*, 2 AD3d 860, 861 [2003]; *Matter of Cavanaugh v Madden*, 298 AD2d at 392). Since the record does not support the Family Court's determination that the father committed family offenses warranting the issuance of the order of protection, the order of protection must be reversed, the petition denied, and the proceeding dismissed (*see* Family Ct Act § 841). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.