■ In the Matter of LISA BESSENT, Respondent, v OMAR BESSENT, Appellant. (Proceeding No. 1.) In the Matter of OMAR BESSENT, Appellant, v LISA BESSENT, Respondent. (Proceeding No. 2.) [979 NYS2d 543]—

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). "The determination of whether a family offense was committed is a factual issue to be resolved by the [trial] [c]ourt, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of King v Edwards*, 92 AD3d 783 [2012]).

Here, a fair preponderance of the credible evidence supports the Supreme Court's determination that the husband committed the family offenses of attempted assault in the third degree and harassment in the second degree. The husband's actions

during incidents that occurred in November 2009, December 2009, January 2011, and March 2011 involved him throwing the wife onto a bed while she was pregnant, causing her to experience cramping and spotting, punching her in the forehead and squeezing her temple causing swelling, covering her nose and mouth causing a nosebleed, striking her on the mouth, and holding her by the throat (see Penal Law §§ 110.00, 120.00, 240.26 [1]; Family Ct Act § 812).

However, the Supreme Court improperly found that the husband committed the family offense of harassment in the second degree relating to an incident that occurred in November 2011, since that incident was not charged in the amended petition (see Matter of Salazar v Melendez, 97 AD3d 754, 755 [2012]; Matter of Czop v Czop, 21 AD3d 958, 959 [2005]; Matter of Cavanaugh v Madden, 298 AD2d 390, 392 [2002]).

The husband's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.