OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered February 4, 2013, affirmed.
Defendant was initially charged with grand larceny based on allegations that she used her mother’s debit card, without consent, to withdraw $1,000 from her mother’s account. On May 21, 2012, defendant entered a plea of guilty to the charge of petit larceny in full satisfaction of the accusatory instrument. Pursuant to the terms of the plea agreement, if defendant was not arrested during the next year, paid restitution and complied with an order of protection, she would be allowed to replead to disorderly conduct and receive a sentence of time served. The plea allocution thoroughly advised defendant of the rights she was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]).
On February 4, 2013, upon the court’s acknowledgment that defendant complied with the conditions of her plea, the court, as agreed, vacated the guilty plea and permitted defendant to plead guilty to the charge of disorderly conduct (see Penal Law § 240.20), a violation, in return for a promised sentence of time served. In defendant’s presence, defense counsel acknowledged that defendant agreed to waive “formal allocution,” and defendant personally confirmed, in response to the court’s questioning, that she was pleading guilty freely and voluntarily.
Under the particular circumstances of this case, we find the record sufficient to establish defendant’s understanding and waiver of her Boykin rights (see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 366 [2013]), and of her entry of an otherwise knowing and voluntary guilty plea. Manifestly, this case does not involve the type of “silent record” which, as Tyrell cautions, is insufficient to “overcome the presumption against waiver by a defendant of constitutionally guaranteed protections” (People v Tyrell, 22 NY3d at 365, quoting *32 People v Harris, 61 NY2d 9, 17 [1983]). To the contrary, the plea record taken as a whole and read in context amply shows that defendant knowingly and voluntarily entered the original plea, after being fully apprised of the rights she was waiving by pleading guilty, and that defendant made a voluntary and intelligent choice to replead to a lesser charge “to obtain the benefit of the bargain [s]he had struck” (People v Goldstein, 12 NY3d 295, 301 [2009]; see also Nesby v Senkowski, 1994 WL 613322, *2-3, 1994 US Dist LEXIS 15768, *6-8 [SD NY, Nov. 7, 1994, No. 93 Civ 6114 (JFK)]).
Lowe, III, P.J., Hunter, Jr. and Ling-Cohan, JJ., concur.