■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAESTNOR MUIR, Appellant. [21 NYS3d 617]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 27, 2014, convicting defendant, upon his plea of guilty, of attempted petit larceny, and sentencing him to a conditional discharge for a period of one year, unanimously affirmed.

The record amply establishes that defendant's plea was knowing, intelligent, and voluntary. Defendant entered into a plea agreement that contemplated that he would initially plead guilty to attempted robbery in the third degree but would ultimately have that conviction reduced to attempted petit larceny if he completed the requisite mental health program.

At the first plea proceeding, where defendant pleaded guilty to attempted robbery, the court fully explained the terms of the agreement and advised defendant of the rights he was waiving (*see Boykin v Alabama*, 395 US 238 [1969]). Having already waived his rights, a "rigorous and detailed" colloquy at defendant's replea to a lesser charge, carrying with it a lesser sentence, would have been an "unnecessary formalism" (*People v Harris*, 61 NY2d 9, 16 [1983]). Under the circumstances presented, the initial plea allocution sufficiently established defendant's understanding of his *Boykin* rights for purposes of

the later plea, and we reject defendant's argument that the replacement of one plea with another rendered the first plea a "nullity" with regard to the waivers of rights (*see People v Conceicao*, 26 NY3d 375 [2015]). In this case, the second plea was essentially an extension of the first plea, but with the conviction reduced to a misdemeanor for defendant's benefit. Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.