The People of the State of New York, Respondent, 
against
Barbara Morales, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Rita M. Mella, J. at initial plea; Erika M. Edwards, J. at re-plea and sentencing), rendered March 7, 2013, convicting her, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Rita M. Mella, J. at initial plea; Erika M. Edwards, J. at re-plea and sentencing), rendered March 7, 2013, affirmed.
The record amply establishes that defendant's plea was knowing, intelligent, and voluntary. Defendant entered into a plea agreement that contemplated that she would initially plead guilty to petit larceny (see Penal Law § 155.25), but would ultimately have that conviction reduced to disorderly conduct (see Penal Law § 240.20), a violation, if she, inter alia, was not rearrested during the next year and paid restitution. At the plea proceeding, the court advised defendant of the rights she was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), including the right to a trial, the right to remain silent and the right to confront her accusers (see People v Conceicao, 26 NY3d 375 [2015]).
We find unavailing defendant's present claim that the court failed to advise her of all her Boykin rights when she repleaded to disorderly conduct. The initial plea allocution sufficiently established defendant's understanding of her Boykin rights for purposes of the later plea, inasmuch as the second plea was essentially an extension of the first plea, but with the conviction reduced to a violation for defendant's benefit (see People v Muir, 134 AD3d 641 [2015], lv denied 26 NY3d 1147 [2016]; People v Hildinghohlson, 48 Misc 3d 30 [2015], lv denied 25 NY3d 1202 [2015]). "Having already waived h[er] rights, a rigorous and detailed colloquy at defendant's replea to a lesser charge, carrying with it a lesser sentence, would have been an unnecessary formalism" (People v Muir, 134 AD3d at 641 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 19, 2016