The People of the State of New York, Respondent, 
against
Michael Mattis, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J. at initial plea; Ann E. Scherzer, J. at re-plea and sentencing), rendered March 7, 2013, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Marc J. Whiten, J. at initial plea; Ann E. Scherzer, J. at re-plea and sentencing), rendered March 7, 2013, affirmed.
The record amply establishes that defendant's plea was knowing, intelligent, and voluntary. Defendant entered into a plea agreement that contemplated that he would initially plead guilty to forcible touching (see Penal Law § 130.52), but would ultimately have that conviction reduced to disorderly conduct (see Penal Law § 240.20), a violation, if he, inter alia, was not rearrested during the next year and completed the Applied Behavioral Sciences program. At the plea proceeding, the court advised defendant of the rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), including the right to a trial, the right against self-incrimination and the right to confront his accusers (see People v Conceicao, 26 NY3d 375 [2015]).
We find unavailing defendant's present claim that the court failed to advise him of all his Boykin rights when he repleaded to disorderly conduct. The initial plea allocution sufficiently established defendant's understanding of his Boykin rights for purposes of the later plea, inasmuch as the second plea was essentially an extension of the first plea, but with the conviction reduced to a violation for defendant's benefit (see People v Muir, 134 AD3d 641 [2015], lv denied 26 NY3d 1147 [2016]; People v Hildinghohlson, 48 Misc 3d 30 [2015], lv denied 25 NY3d 1202 [2015]). "Having already waived his rights, a rigorous and detailed colloquy at defendant's replea to a lesser charge, carrying with it a lesser sentence, would have been an unnecessary formalism" (People v Muir, 134 AD3d at 641 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2017