Appeal by Natalie Stanislaus from an order of protection of the Family Court, Nassau County (Thomas Rademaker, J.), dated December 14, 2016. The order of protection, upon a finding that Natalie Stanislaus committed the family offenses of aggravated harassment and assault in the third degree, made after a fact-finding hearing, directed her, inter alia, to stay away from Camille Stanislaus until and including December 13, 2018.
 

 Ordered that the order of protection is reversed, on the law and the facts, without costs or disbursements, the finding that Natalie Stanislaus committed the family offenses of aggravated harassment and assault in the third degree is vacated, the petition is denied, and the proceeding is dismissed.
 

 The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that her sister, the appellant, had committed various family offenses against her and seeking an order of protection. Following a fact-finding hearing, the Family Court determined that the appellant had committed the family offenses of aggravated harassment and assault in the third degree. The court subsequently issued an order of protection which directed the appellant, inter alia, to stay away from the petitioner for a period of two years.
 

 “In a family offense proceeding, the petitioner has the burden of establishing, by a ‘fair preponderance of the evidence,’ that the charged conduct was committed as alleged in the petition” (Matter of Cassie v Cassie, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; see Matter of Frimer v Frimer, 143 AD3d 895, 896 [2016]; Matter of Bah v Bah, 112 AD3d 921, 921-922 [2013]). “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record” (Matter of Porter v Moore, 149 AD3d 1082, 1083 [2017]; see Matter of Henderson v Henderson, 137 AD3d 911, 912 [2016]).
 

 Here, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed the family offenses of aggravated harassment and assault in the third degree. Both of those family offenses require proof of physical injury, which is defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]; see Penal Law §§ 120.00 [1]; 240.30 [3]). Contrary to the Family Court’s determination, the evidence presented at the fact-finding hearing failed to adequately demonstrate that the petitioner suffered a physical injury as a result of the conduct alleged in the petition (see Matter of Philip A., 49 NY2d 198, 200 [1980]; People v Boley, 106 AD3d 753, 753-754 [2013]; Matter of Ortiz v Ortiz, 2 AD3d 1236, 1237 [2003]; Matter of Mary Ellen P. v John R., 278 AD2d 750, 752-753 [2000]). Since the court’s factual determinations were not supported by the record, we vacate the finding that the appellant committed the family offenses of aggravated harassment and assault in the third degree (see generally Matter of Porter v Moore, 149 AD3d at 1084; Matter of Etman v Adjoor, 144 AD3d 678, 679 [2016]; Matter of Frimer v Frimer, 143 AD3d at 896-897; Matter of Jordan v Verni, 139 AD3d 1067, 1068 [2016]; Matter of Bah v Bah, 112 AD3d at 922). Inasmuch as the petitioner has not raised any alternative grounds for affirmance of the order of protection (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; cf. Stewart v Berger, 137 AD3d 1103, 1105 [2016]), under the circumstances, we reverse the order of protection, deny the family offense petition, and dismiss the proceeding (see Matter of Ungar v Ungar, 80 AD3d 771, 772 [2011]; Matter of Bartley v Bartley, 48 AD3d 678, 678-679 [2008]).
 

 Dillon, J.P., Balkin, Miller and LaSalle, JJ., concur.