Matter of Almaguer v Almaguer (2018 NY Slip Op 01916)





Matter of Almaguer v Almaguer


2018 NY Slip Op 01916


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-05370
 (Docket No. O-1641-17)

[*1]In the Matter of Jenny Almaguer, respondent, 
v
Severo Almaguer, appellant.


Mark Brandys, New York, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent.



DECISION & ORDER
Appeal from an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated May 3, 2017. The order of protection, upon a finding that Severo Almaguer committed the family offense of harassment in the second degree, made after a fact-finding hearing, inter alia, excluded him from the family residence until and including May 2, 2019.
ORDERED that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination; and it is further,
ORDERED that the temporary order of protection dated April 12, 2017, is reinstated pending the new determination.
The parties are married, have lived together for over 20 years, and are the parents of three children. The wife commenced this proceeding by filing a petition in January of 2017, alleging, inter alia, that the husband committed the family offense of harassment in the second degree by threatening to kill her if she filed for divorce.
At the fact-finding hearing, the wife had the burden of proving by a fair preponderance of the evidence that the husband committed the family offense of harassment in the second degree (Penal Law § 240.26) as alleged in the petition (see Family Ct Act § 832; Matter of Stanislaus v Stanislaus, 155 AD3d 963). In making its determination, the Family Court erred in considering and relying upon statements made by the husband during a preliminary conference and in proceedings prior to the hearing. Statements made during a preliminary conference are not admissible at a fact-finding hearing (see Family Ct Act § 824). Moreover, the court may not rely upon evidence of an incident not charged in the petition in sustaining a charge of harassment (see Matter of Czop v Czop, 21 AD3d 958).
Contrary to the wife's contention, the error in considering this evidence was not harmless (cf. Matter of Taylor v Taylor, 62 AD3d 1015). Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing on the petition and a new determination thereafter [*2](see Matter of Czop v Czop, 21 AD3d 958; Matter of Devon B., 1 AD3d 432).
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court