Matter of Robinson v Benjamin (2018 NY Slip Op 02631)





Matter of Robinson v Benjamin


2018 NY Slip Op 02631


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-02040
 (Docket No. O-11042-16)

[*1]In the Matter of Stephen Robinson, respondent,
v
David Anthony Benjamin, appellant.


Marjorie G. Adler, Garden City, NY, for appellant.



DECISION & ORDER
In a family offense proceeding, David Anthony Benjamin appeals from an order of protection of the Family Court, Nassau County (Thomas Rademaker, J.), dated February 1, 2017. The order of protection, upon a finding that the appellant, in effect, committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed him to refrain from certain conduct with respect to the petitioner up to and including July 31, 2017.
ORDERED that the order of protection is reversed, on the facts, without costs or disbursements, the finding that the appellant, in effect, committed the family offense of harassment in the second degree is vacated, the petition is denied, and the proceeding is dismissed.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that the appellant, who was his child's grandfather, had committed various family offenses against him and seeking an order of protection. Following a fact-finding hearing, the Family Court determined that the appellant, in effect, had committed the family offense of harassment in the second degree. The court subsequently issued an order of protection which directed the appellant to refrain from certain conduct towards the petitioner for a period of six months.
Initially, even though the order of protection expired by its own terms, this appeal has not been rendered academic " given the totality of the enduring legal and reputational consequences of the contested order of protection'" (Sommella v Kimble, 150 AD3d 1018, 1018, quoting Matter of Pierre v Dal, 142 AD3d 1021, 1022; see Matter of Blamoville v Culbertson, 151 AD3d 1058, 1059).
Contrary to the appellant's contention, the petitioner established that the parties were in an "intimate relationship," and therefore, the petitioner had standing to commence a family offense proceeding against the appellant (Family Ct Act § 812[1][e]; see Matter of Filipowski v Sullivan-Tirelli, 139 AD3d 1063, 1064; Matter of Winston v Edwards-Clarke, 127 AD3d 771, 773).
"In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (Matter of Cassie v Cassie, 109 AD3d 337, 340, quoting Family Ct Act § 832; see Matter of Stanislaus v Stanislaus, 155 AD3d 963, 963-964; Matter of Frimer v Frimer, 143 AD3d 895, 896). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Henderson v Henderson, 137 AD3d 911, 912).
Here, the petitioner failed to establish by a fair preponderance of the evidence that the appellant, in effect, committed the family offense of harassment in the second degree. The testimony at the hearing established only that the appellant stated that he would "kick [the petitioner's] ass" when he saw him on the street. Such conduct does not establish the family offense of harassment in the second degree as there was no evidence that the statement was "either serious [or] should reasonably have been taken to be serious" (People v Dietze, 75 NY2d 47, 53; see Matter of Marte v Biondo, 104 AD3d 947).
Since the Family Court's factual determinations were not supported by the record, we vacate the finding that the appellant, in effect, committed the family offense of harassment in the second degree (see Matter of Stanislaus v Stanislaus, 155 AD3d at 964). Accordingly, we reverse the order of protection, which was based solely on the finding that the appellant, in effect, committed the family offense of harassment in the second degree, deny the family offense petition, and dismiss the proceeding (see id.; Matter of London v Blazer, 2 AD3d 860, 861).
In light of our determination, we need not address the appellant's remaining contention.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court