People v Figueroa (2018 NY Slip Op 07543)





People v Figueroa


2018 NY Slip Op 07543


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7565 1133/13

[*1]The People of the State of New York, Respondent,
v
Ruben Figueroa, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ross D. Mazer of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered July 22, 2014, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant was properly adjudicated a second felony offender. Neither of the two 2006 convictions set forth in the predicate felony statement was unconstitutionally obtained.
With regard to one of the convictions, there was an allocution during which the court fully advised defendant of the rights he was waiving, but which did not result in a guilty plea. When defendant ultimately accepted the plea three weeks later, the court incorporated the prior allocution by reference, and defendant acknowledged that he remembered and understood its contents. While, as the sentencing court observed, it would have been the better practice for the 2006 plea court to have conducted a second full allocution, the incorporation by reference did not render the plea unconstitutional (see People v Jeudy, 153 AD3d 1203 [1st Dept 2017], lv denied 30 NY3d 1020 [2017]; People v Muir, 134 AD3d 641 [1st Dept 2015], lv denied 26 NY3d 1147 [2016]).
Defendant also claims that the purported unconstitutionality of the above-discussed conviction likewise disqualifies the remaining conviction listed in the predicate felony statement, because he was sentenced for both convictions at the same time. This claim is rendered academic by our determination upholding the other conviction, and is without merit in any event.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK