People v Hosten (2020 NY Slip Op 51349(U))

[*1]

People v Hosten (Desmond)

2020 NY Slip Op 51349(U) [69 Misc 3d 141(A)]

Decided on November 13, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

15-280

The People of the State of New York,
Respondent, 
against
Desmond Hosten, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Alexander M. Tisch, J. at plea; Neil E. Ross, J., at re-plea and sentencing),
rendered April 28, 2014, convicting him, upon a plea of guilty, of harassment in the second
degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Alexander M. Tisch, J. at plea; Neil E. Ross, J., at re-plea and
sentencing), rendered April 28, 2014, affirmed.
Since defendant waived his right to prosecution by information at the initial plea proceeding
when he pleaded guilty to aggravated harassment in the second degree (see Penal Law
§ 240.30[1]), a second waiver was not required when, one year later, defendant was
permitted to replead to the lesser charged offense of harassment in the second degree (see
Penal Law § 240.26), a violation. "Having already waived his rights, a rigorous and detailed
colloquy at defendant's replea to a lesser charge, carrying with it a lesser sentence, would have
been an unnecessary formalism" (People
v Muir, 134 AD3d 641 [2015], lv denied 26 NY3d 1147 [2016] [internal
quotation marks and citation omitted]). The second plea was essentially an extension of the first
plea, but with the conviction reduced to a violation for defendant's benefit (id. at
642).
Accordingly, we assess the accusatory instrument under the standard applicable to a
misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid, since the factual allegations establish reasonable cause to believe that
defendant committed the harassment offenses charged. Allegations that defendant telephoned the
police Internal Affairs Bureau and stated "I can't take it no more, they always harass me ... I'm
going to bump off a cop, I'm going to get a gun and shoot a cop, the name of the officer who
issued me a summons was Shaw," were sufficient at the pleading stage to support a finding that
defendant made a "genuine threat" of physical harm, as opposed to a mere "crude outburst"
(People v Dietze, 75 NY2d 47, 54 [1989]; see People v Monet, 55 Misc 3d 145[A], 2017 NY Slip Op
50666[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1131 [2017]; see also Matter of Czop v Czop, 21
AD3d 958, 959 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 13, 2020