People v McLeod (2022 NY Slip Op 03079)

People v McLeod

2022 NY Slip Op 03079

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

SCI No. 3937/18 Appeal No. 15916 Case No. 2019-2049 

[*1]The People of the State of New York, Respondent,
v
Jamal McLeod, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Gilbert Zelaya of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at felony plea, replea and sentencing; Abraham L. Clott, J., at vacatur of felony conviction, misdemeanor plea and sentencing), rendered November 19, 2018, convicting defendant, upon his plea of guilty, of petit larceny, and sentencing him to a conditional discharge for a period of three years, unanimously affirmed.
Defendant's challenges to the voluntariness of his plea do not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review these unpreserved claims in the interest of justice. In taking the ultimate misdemeanor plea challenged on appeal, the court announced its intention to, in effect, incorporate by reference a prior plea allocution in the same case, and defendant, through counsel, agreed to this procedure. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. At defendant's first plea proceeding, when he pleaded guilty to second-degree burglary, and at his second plea proceeding, when his first plea was replaced with a plea to third-degree burglary, the court fully advised him of the rights he was waiving (see Boykin v Alabama, 395 US 238 [1969]). Accordingly, a detailed colloquy at defendant's ultimate plea to a lesser charge, carrying with it a lesser sentence, was not necessary (see People v Muir, 134 AD3d 641, 642 [1st Dept 2015], lv denied 26 NY3d 1147 [2016]). Defendant's third plea was essentially an extension of his first and second pleas, but with the conviction reduced to a misdemeanor for defendant's benefit as the result of his completion of a drug program (see id.). There was nothing in the ultimate plea allocution that suggested any coercion or otherwise cast doubt on the voluntariness of the plea.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022