Matter of Boutin v Boutin (2024 NY Slip Op 05590)

Matter of Boutin v Boutin

2024 NY Slip Op 05590

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-11205
 (Docket No. O-5132-23)

[*1]In the Matter of Marie Boutin, appellant,
v
Jean P. Boutin, respondent.

Austin I. Idehen, Jamaica, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated November 21, 2023. The order granted the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case and dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
In March 2023, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who is her husband. At the close of the petitioner's case at a fact-finding hearing, the Family Court granted the respondent's motion to dismiss the petition for failure to establish a prima facie case and dismissed the petition. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing that the charged conduct was committed as alleged in the petition by a fair preponderance of the evidence" (Matter of Stibrany v Lamprea, 229 AD3d 557, 557 [internal quotation marks omitted]; see Matter of Prince v Ford, 195 AD3d 724, 724). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrelevant, and should not be considered" (Matter of Stibrany v Lamprea, 229 AD3d at 557-558 [internal quotation marks omitted]; see Matter of Brown v Brown, 127 AD3d 969, 969). However, the petitioner's case "may not be based upon allegations not charged in the petition" (Matter of Czop v Czop, 21 AD3d 958, 959; see Matter of Bessent v Bessent, 113 AD3d 847, 848; Matter of Ungar v Ungar, 80 AD3d 771, 772).
Here, the petitioner failed to establish, prima facie, that the respondent committed acts constituting a family offense based on allegations actually charged in the petition (see Matter of Bessent v Bessent, 113 AD3d at 848; Matter of Ungar v Ungar, 80 AD3d at 772). Accordingly, the Family Court did not err in granting the respondent's motion to dismiss the petition for failure to establish a prima facie case and dismissing the petition.
In light of the foregoing we need not reach the petitioner's remaining contentions.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court