Matter of Mohmed v Elkhauly (2026 NY Slip Op 00132)

Matter of Mohmed v Elkhauly

2026 NY Slip Op 00132

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-12322
2024-12441
 (Docket No. O-17713-21)

[*1]In the Matter of Dalia Mohmed, respondent, 
vAshraf Elkhauly, appellant. Peter A. Wilner, New York, NY, for appellant. Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Janet Neustaetter and Leah Edmunds of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Ashraf Elkhauly appeals from (1) an order of fact-finding of the Family Court, Kings County (Robert A. Markoff, J.), dated October 22, 2024, and (2) an order of protection of the same court dated October 24, 2024. The order of fact-finding, after a fact-finding hearing, found that Ashraf Elkhauly committed the family offenses of assault in the third degree and harassment in the second degree. The order of protection, upon the order of fact-finding, directed Ashraf Elkhauly, inter alia, to stay away from the petitioner's home until and including October 23, 2026.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, on the ground that no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 8 (Family Ct Act § 1112); and it is further,
ORDERED that upon the appeal from the order of protection, so much of the order of fact-finding as found that Ashraf Elkhauly committed the family offense of assault in the third degree is vacated; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against Ashraf Elkhauly, the petitioner's husband. In an order of fact-finding dated October 22, 2024, after a fact-finding hearing, the Family Court found that Elkhauly had committed the family offenses of assault in the third degree (Penal Law § 120.00[1]) and harassment in the second degree (id. § 240.26[1]). In an order of protection dated October 24, 2024, the court directed Elkhauly, inter alia, to stay away from the petitioner's home until and including October 23, 2026. Elkhauly appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Malcolm v Arnold, 238 AD3d 1042, [*2]1043 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Laura W. v John U., 241 AD3d 754, 758 [internal quotation marks omitted]). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Nunez v Spellen, 235 AD3d 874, 875 [internal quotation marks omitted]). "In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of Julien v Lewin, 238 AD3d 757, 758 [internal quotation marks omitted]).
Here, the petitioner failed to establish by a fair preponderance of the evidence that Elkhauly committed the family offense of assault in the third degree against the petitioner in October 2020. The family offense of assault in the third degree "require[s] proof of physical injury, which is defined as 'impairment of physical condition or substantial pain'" (Matter of Stanislaus v Stanislaus, 155 AD3d 963, 964, quoting Penal Law § 10.00[9]; see Penal Law § 120.00[1]). Contrary to the petitioner's contention, the evidence presented at the fact-finding hearing did not demonstrate that she suffered a physical injury as a result of Elkhauly's conduct in October 2020 (see Matter of Stanislaus v Stanislaus, 155 AD3d at 964; cf. Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047).
However, a fair preponderance of the evidence adduced at the hearing established that Elkhauly committed the family offense of harassment in the second degree (Penal Law § 240.26[1]; see Matter of Golian v Golyan, 242 AD3d 745, 746; Matter of Malcolm v Arnold, 238 AD3d at 1043; Matter of Julien v Lewin, 238 AD3d at 758-759). The Family Court was presented with sharply conflicting accounts by the parties regarding the subject incident, and the court's determination to credit the petitioner's testimony over Elkhauly's testimony is supported by the record (see Matter of Malcolm v Arnold, 238 AD3d at 1043).
"Upon a finding that a respondent engaged in conduct constituting a family offense, the Family Court is authorized to issue an order of fact-finding and disposition directing the issuance of an order of protection" (Matter of Jones v Leneau, 234 AD3d 689, 690; see Family Ct Act § 841[d]). "An 'appropriate disposition' in a family offense proceeding is one which is 'reasonably necessary to provide meaningful protection . . . and to eradicate the root of the family disturbance'" (Matter of Jones v Leneau, 234 AD3d at 690, quoting Matter of Monos v Monos, 123 AD3d 931, 932). In making a determination to require a respondent to stay away from the home, school, business or place of employment of any other party, "the court shall consider, but shall not be limited to consideration of, whether the order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, extent of past or present injury, threats, drug or alcohol abuse, and access to weapons" (Family Ct Act § 842[a]). "The fact that abuse has not occurred during the pendency of an order [of protection] shall not, in itself, constitute sufficient ground for denying or failing to extend the order" (id. § 842).
Although we have vacated the finding that Elkhauly committed the family offense of assault in the third degree, and contrary to Elkhauly's contention, under the circumstances of this
case, the petitioner's evidence, including her testimony regarding prior incidents of abuse and past injuries, demonstrated that the issuance of the two-year order of protection was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (see Aronov v Matvienko, 236 AD3d 847, 849; Matter of Mitchell-George v George, 234 AD3d 969, 970). Accordingly, there is no basis to disturb the order of protection.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court