Matter of Sevastianov v Sevastyanova (2026 NY Slip Op 00249)

Matter of Sevastianov v Sevastyanova

2026 NY Slip Op 00249

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-10023
 (Docket No. O-12485-22)

[*1]In the Matter of Nicolai Sevastianov, appellant,
vYuliya Sevastyanova, respondent.

Christian P. Myrill, Jamaica, NY, for appellant.
Carol Kahn, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Sharon N. Clarke, J.), dated September 18, 2024. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who is his ex-wife. At the close of the petitioner's case at a fact-finding hearing, the respondent moved to dismiss the petition for failure to establish a prima facie case. In an order dated September 18, 2024, the Family Court dismissed the petition. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing that the charged conduct was committed as alleged in the petition by a fair preponderance of the evidence" (Matter of Stibrany v Lamprea, 229 AD3d 557, 557 [internal quotation marks omitted]; see Matter of Prince v Ford, 195 AD3d 724, 724). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrelevant, and should not be considered" (Matter of Stibrany v Lamprea, 229 AD3d at 557-558 [internal quotation marks omitted]; see Matter of Brown v Brown, 127 AD3d 969, 969). However, the petitioner's case "may not be based upon allegations not charged in the petition" (Matter of Czop v Czop, 21 AD3d 958, 959; see Matter of Bessent v Bessent, 113 AD3d 847, 848; Matter of Ungar v Ungar, 80 AD3d 771, 772).
Here, the petitioner failed to establish, prima facie, that the respondent committed acts constituting a family offense based on allegations actually charged in the petition (see Matter of Bessent v Bessent, 113 AD3d at 848; Matter of Ungar v Ungar, 80 AD3d at 772). Accordingly, the Family Court properly granted the respondent's motion to dismiss the petition for failure to establish a prima facie case and dismissed the petition.
GENOVESI, J.P., CHRISTOPHER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court